## A95A2037. COPHER v. MACKEY.
(467 SE2d 362)

Andrews, Judge.

We granted defendant Copher's application for interlocutory appeal to consider two discovery orders in this automobile accident suit. The trial court concluded that the limit of 50 interrogatories set out in OCGA § 9-11-33 was a "per set" and not cumulative limit and that a statement given by Copher to his own insurance company was not work product. We disagree.

Copher and Mackey were involved in a wreck in 1993, as a result

of which Mackey sued Copher. During the litigation, Mackey served three separate sets of interrogatories, no set of which totaled over 50, including subparts. The three sets together, however, totaled 81. Copher answered the first two sets which together totaled less than 50, but sought a protective order as to the third set, which was denied.

1. OCGA § 9-11-33 (a) (1) provides that "[a]ny party may serve upon any other party written interrogatories to be answered by the party served. . . . Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party; *provided, however, that no party may serve interrogatories containing more than 50 interrogatories, including subparts, upon any other party without leave of court upon a showing of complex litigation or undue hardship incurred if such additional interrogatories are not permitted.*" (Emphasis supplied.) The emphasized portion was added to the statute by Ga. L. 1980, p. 938. The caption of that act stated that its purpose was to amend the civil procedure provisions "so as to restrict the use of interrogatories to parties."

The Civil Practice Act was originally enacted in 1966. Ga. L. 1966, p. 609 et seq. As stated in the first section of that act, "[t]his chapter shall be construed to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1. Section 33 of the 1966 act stated, with regard to interrogatories, "[t]he number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression." Ga. L. 1966, p. 646.

The 1972 revision of the Civil Practice Act, Ga. L. 1972, p. 510 et seq., rewrote Section 33 and, while there was no reference made to the number of interrogatories or sets, as recognized in *Carter v. Tatum*, 134 Ga. App. 345, 346 (1) (212 SE2d 439) (1975), "[p]rior to the 1972 amendment the scope and usage of such interrogatories was much broader. [Cit.]"

2. In interpreting statutes, "the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). " 'To ascertain the intention of the legislature, after examining the words of the Act itself, it is necessary to take into view every fact and circumstance that influenced its passage. We must consider what the law was before; the mischiefs against which the law did not provide; the nature of the remedy proposed; the true reason of the remedy.' " *McGuire v. McGuire*, 228 Ga. 782, 785 (187 SE2d 859) (1972); *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991).

3. " '(I)t is well settled in this jurisdiction that all statutes are

presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; that they are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts.' [Cits.]" *Wigley v. Hambrick*, 193 Ga. App. 903, 905 (4) (389 SE2d 763) (1989).

4. The Georgia Constitution prohibits the passage of a bill which refers to more than one subject matter or contains matter different from that expressed in the title of the bill. Ga. Const., Art. III, Sec. V, Par. III; *Lutz v. Foran*, 262 Ga. 819, 820 (3) (427 SE2d 248) (1993).

In construing legislation, "[n]othing . . . is more pertinent, towards ascertaining the true intention of the legislative mind in the passage of the enactment, than the legislature's own interpretation of the scope and purpose of the act, as contained in the caption. The caption of an act of the legislature is properly an index to the contents of the statute as construed by the legislature itself, — a summarizing of the act, made right at the time when the discussion of every phase of the question is fresh in the legislative mind." *Wimberly v. Ga. Southern &c. R. Co.*, 5 Ga. App. 263, 265 (2) (63 SE 29) (1908); *Sovereign Camp Woodmen of the World v. Beard*, 26 Ga. App. 130, 131 (105 SE 629) (1921).

5. So considering the evolution of OCGA § 9-11-33 (a) (1), we conclude that, without leave of court, a party may not serve a total of more than 50 interrogatories. To conclude otherwise would negate the legislative intent to "restrict the use of interrogatories." If the limit were only per set of interrogatories, there would, realistically, be no restriction. The statute provides for more than 50 with leave of court in complex litigation or if undue hardship will be encountered if not allowed.

Such a conclusion is supported by the fact that, during the legislature's consideration of Senate Bill 60, which became the 1980 amendment, the Senate Special Judiciary Committee amended the bill to raise the proposed limit on interrogatories from 25 to 50. 1980 Journal of the Senate, Vol. I, p. 1098.

Therefore, the court's order denying the motion for protective order is reversed and remanded to the trial court for consideration in light of this opinion.

6. The remaining enumeration is that the court erred in its order directing Copher to produce a copy of his statement given to his insurer USAA.

Copher had given a statement to his insurer USAA on March 19, 1993, which was recorded. Copher's statement was taken two days after Mackey's statement was given to USAA, in which she claimed the accident and her injuries were the result of Copher's negligence.

Copher asserted below and here that his statement was not subject to production without the requisite showing of necessity because it was work product under OCGA § 9-11-26 (b) (3). That section provides that a party may "obtain discovery of documents and tangible things otherwise discoverable . . . and *prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, . . . insurer, . . .)* only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." (Emphasis supplied.)

The trial court, in ruling on Mackey's motion to compel discovery, which sought production of the Copher recording, held only that "the Defendant's recorded statement is not privileged."

The statement of a party or other witness to an accident, if taken by an insurer in anticipation of a claim being filed against its insured, is considered "work product" under the statute, even if taken before litigation is filed. *Dept. of Transp. v. Hardaway Co.*, 216 Ga. App. 262, 263 (2) (454 SE2d 167) (1995); *Howell v. United States Fire Ins. Co.*, 185 Ga. App. 154, 158 (4) (363 SE2d 560) (1987); *Warmack v. Mini-Skools, Ltd.*, 164 Ga. App. 737, 738 (2) (297 SE2d 365) (1982); see *Ford Motor Co. v. Hanley*, 128 Ga. App. 311, 313 (1) (196 SE2d 454) (1973).

We therefore reverse this portion of the trial court's order compelling discovery and remand it for consideration of the second step of the procedure under OCGA § 9-11-26 (b) (3), i.e., whether Mackey can show a substantial need for or would be under a hardship in development by other means of the information sought.[1]

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 31, 1996.

*Savell & Williams, Robert E. Mulholland, Vincent A. Toreno*, for appellant.

*Aaron Towns*, for appellee.

---

[1] We do not address the issue of whether submitting the issue of physical damage to automobiles to a neutral arbitrator, as required by an agreement between USAA and Geico, Mackey's insurer, including Copher's statement, was a "waiver" of the work product rule, since the trial court did not address this issue.