A96A2294. MEYER v. THE STATE.

(480 SE2d 234)

BLACKBURN, Judge.

We granted this discretionary appeal to clarify the appropriate use of OCGA § 40-5-67.1 (b) (3), which is the implied consent warning applicable to "commercial motor vehicle driver suspects." Gary Michael Meyer, who held a Tennessee commercial driver's license, was arrested on suspicion of DUI while driving a private passenger vehicle. The current version of § 40-5-67.1 was in effect at the time of this incident, and the arresting officer read Meyer the implied consent warning found in subsection (b) (2)·of that statute, intended for "suspects age 18 or over." Meyer filed a motion in limine, arguing that because he held only a commercial driver's license, the officer should have read him the warning applicable to commercial motor vehicle driver suspects found in subsection (b) (3). The trial court rejected that argument, and we affirm.

Pursuant to *State v. Martin*, 266 Ga. 244, 245 (1) (466 SE2d 216) (1996), the officer was required to select and read to Meyer the appropriate warning found in OCGA § 40-5-67.1 (b). Because Meyer was driving a private passenger car and not a commercial motor vehicle at the time of his arrest, subsection (b) (2) was appropriate.

First, we note the pertinent caption of the subsection (b) (3) warning: "Implied consent notice for commercial motor vehicle driver suspects." That caption shows the legislature's purpose that this warning be used for persons stopped while driving commercial motor vehicles. See *Copher v. Mackey*, 220 Ga. App. 43, 45 (4) (467 SE2d

362) (1996) (caption of statute provides evidence of legislative intent). Furthermore, the commercial motor vehicle implied consent warning states penalties for refusal that are applicable only to drivers of *commercial vehicles* who refuse to be tested. See OCGA § 40-5-151 (a) (1) (A), (2) (driver of commercial vehicle who refuses blood-alcohol test or who is convicted of driving a commercial vehicle while having a blood-alcohol content of .04 percent or more will be disqualified from driving such a vehicle for at least one year); OCGA § 40-5-152 (b) (driver of commercial vehicle who refuses test must be placed "out of service" for at least 24 hours). Reading these statutes together, it is clear the legislature intended for the warning contained in § 40-5-67.1 (b) (3) to be read to drivers of *commercial vehicles*, not to drivers of private vehicles who happen to hold commercial driver's licenses. See *Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 354 (1) (392 SE2d 881) (1990) (statutes on same subject must be read together to ascertain their purpose). As the parties do not dispute that Meyer was over the age of 18 and was driving a private, non-commercial vehicle, Meyer was properly warned under subsection (b) (2). Therefore, the trial court did not err by rejecting his argument that he was read the wrong implied consent warning.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 2, 1997.

*James W. Smith*, for appellant.

*Kenneth W. Mauldin, Solicitor, Ethelyn N. Simpson, Assistant Solicitor*, for appellee.