A96A2458. LATHAM v. THE STATE.
(483 SE2d 322)

BLACKBURN, Judge.

Christal Latham appeals from the trial court's refusal to consider her motion to modify sentence, which she filed outside the term of court at which her sentence was imposed. Because the trial court properly determined it had no jurisdiction to consider the motion, we affirm.

Latham pled guilty to four counts of selling methamphetamine. The trial court afforded her first offender treatment and sentenced her to seven years in prison and twenty-three years on probation. Because Latham was pregnant at the time of her sentencing in September 1995, the court allowed her to remain on probation until after the birth of her child. In April 1996, before she began serving her prison sentence, Latham moved the court to eliminate the prison term from her punishment. The trial court found that because Latham filed her motion after the term of court at which she was sentenced, it had no power to consider the motion.

Latham acknowledges the many appellate cases of this state holding that a trial court loses power to modify, suspend, or vacate

its judgments after the term at which they are rendered. See, e.g., *Bowen v. State*, 239 Ga. 517, 518-519 (2) (238 SE2d 62) (1977); *Pledger v. State*, 193 Ga. App. 588 (2) (388 SE2d 425) (1989). She contends, however, that OCGA § 17-10-1 (a), as amended by the legislature in 1992, changed the law that governs this issue.

As formerly written, OCGA § 17-10-1 (a) required a trial judge to sentence certain convicted felons to a determinate prison term but granted the court power to suspend or probate a portion of that sentence. The former statute further provided that "[a]fter the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, [the trial court] shall have no authority to suspend, probate, modify, or change the sentence of the defendant" except with regard to the term of probation. In 1992, the legislature amended the statute, and part of its amendment eliminated this time-limit provision. Ga. L. 1992, p. 3221, § 1. Latham's argument that this amendment empowers the trial court to modify a prison sentence at any time is without merit.

First, the rule which prevents a trial court from modifying its judgments after the term of court at which they are rendered is not dependent on the statute at issue. Rather, this rule was created by courts to give stability to their decisions by maintaining the finality of judgments. "Courts cannot at their pleasure reopen questions which have been concluded by solemn adjudication. There must be some point at which *stare decisis* applies, and that point, with respect to a judgment upon the merits, unexcepted to, is the conclusion of the term at which it is rendered." *East Tenn., Va. &c. R. Co. v. Greene*, 95 Ga. 35, 36 (22 SE 36) (1894). As the United States Supreme Court has held, "In the absence of a statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term." *United States v. Mayer*, 235 U. S. 55, 67 (1) (35 SC 16, 235 LE 129) (1914). See also *South v. State*, 72 Ga. App. 79, 82 (33 SE2d 23) (1945).

The mere fact that a statute has been enacted, and repealed, concerning the time limits on the court's authority does not alter the judicial rule. The appellate courts have faced a similar question regarding the effect of the Civil Practice Act, with its statutory specifications as to when the trial court may set aside a judgment, OCGA § 9-11-60, and have held that statutory scheme does not abrogate the court's inherent power during the term. See *Ammons v. Bolick*, 233 Ga. 324, 325 (1) (210 SE2d 796) (1974); see also *Bowen*, supra, comparing this power in criminal and civil matters. In this case, likewise, the mere fact that a statute on this issue once existed does not change the scope of the court's inherent power. See *Pledger*, supra at

589 (inherent power of court in criminal case not modified by statute).

Latham's sentence was a final, appealable judgment. See *Brainard v. State*, 246 Ga. 586 (272 SE2d 683) (1980), in which the court held that a first offender who failed to timely appeal his sentence could not later raise that issue. Because Latham made no effort to contest her sentence within the time for appeal or within the term of court, the trial court had no power to modify that ruling unless a statute authorized such action. *Mayer*, supra. Therefore, the question is whether the current version of OCGA § 17-10-1 would authorize the trial court to eliminate Latham's prison term from her sentence.

The statute at issue, OCGA § 17-10-1, does not grant the trial court unlimited time in which to modify its sentences. Although subsection (a) (5) (A) of the statute does grant the trial court continuing jurisdiction over the *probated* portion of a sentence, no similar language grants the trial court power to modify the term of incarceration. See also OCGA §§ 42-8-60 and 42-8-62, applicable to first offenders, containing no provision allowing the trial court to reduce a term of incarceration. The legislature deleted the time limitations from OCGA § 17-10-1, but that act alone does not show an intent to grant the trial court unlimited authority to modify a prison sentence. The caption of the amending law states that its purposes include "chang[ing] provisions relating to continuing jurisdiction over *probated* sentences," but makes no mention of prison sentences or of enhancing the trial court's power. (Emphasis supplied.) Ga. L. 1992, p. 3221. "In construing legislation, nothing is more pertinent, towards ascertaining the true intention of the legislative mind in the passage of the enactment, than the legislature's own interpretation of the scope and purpose of the act, as contained in the caption." (Punctuation omitted.) *Copher v. Mackey*, 220 Ga. App. 43, 45 (4) (467 SE2d 362) (1996). Neither the language nor the caption of this statute gives any indication the legislature intended, by repealing part of the statute, to grant additional powers to the trial court.

Furthermore, "[i]t is the duty of the court to consider the results and consequences of any proposed [statutory] construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature." (Punctuation omitted.) *Proo v. State*, 192 Ga. App. 169, 170 (384 SE2d 197) (1989). In the absence of a clear directive from the legislature, we will not presume it intended by this law to give the trial courts unlimited continuing jurisdiction over an entire sentence, including the prison term of a sentence. If it so intended, the legislature would not have specified in subsection (a) (5) (A) of the statute that the trial court "shall retain jurisdiction throughout the period of [a] probated sentence." See also OCGA § 42-8-60 (trial court may take further action against first

offender who is *on probation*). A statute must be construed and harmonized to give meaning to every part, and the interpretation Latham urges would render this subsection superfluous. See *Gilbert v. Richardson*, 264 Ga. 744, 748 (3) (452 SE2d 476) (1994). In this case, neither the language nor the intent of OCGA § 17-10-1 can reasonably be interpreted to alter the longstanding principle that the court's power to modify its judgment ends with the term. The trial court properly refused to consider her motion to modify sentence.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997 — 

*Jill L. Anderson, Lee W. Fitzpatrick*, for appellant.

*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.