A97A0230. MOUNTAINSIDE MEDICAL CENTER/PICKENS
HEALTHCARE et al. v. TANNER.
(484 SE2d 706)

BIRDSONG, Presiding Judge.

After receiving workers' compensation benefits for temporary total disability for a year, the claimant Wanda Tanner was released to work with restrictions. However, Tanner either did not find work or did not choose to work.

Under OCGA § 34-9-104 (a), the employer was entitled to convert Tanner from total disability benefits to partial disability benefits. Tanner formerly earned an average of $200 per week and received temporary total disability benefits in the amount of $133.34 per week based on that average weekly wage.

OCGA § 34-9-262 provides: "[W]here the disability to work . . . is [partial but temporary] the employer shall pay [a benefit] equal to two-thirds of the difference between the average weekly wage before the injury and the average weekly wage the employee is *able to earn* thereafter." (Emphasis supplied.) This Code section, however, does not provide a means to determine what a claimant is *"able to earn."* In the absence of such legal guidance, the employer in this case made the assumption that Tanner was "able" to earn a minimum wage 20 hours per week, and, on that basis of theorizing, reduced her to partial disability benefits of $76 per week.

The ALJ, board and superior court rejected the employer's theorizing because § 34-9-262 does not give a basis for such "theorizing" by the employer. Those forums fixed Tanner's post-injury wage at $0 because she is not working. The employer filed an application for discretionary appeal, which we granted. *Held*:

The Workers' Compensation Act is to be liberally construed to carry out its purpose of providing relief to injured employees while protecting employers from excessive damage awards. *Chem Lawn Svcs. v. Stephens*, 220 Ga. App. 239, 244 (469 SE2d 375), citing *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327). In interpreting

any statute, "the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a); *Copher v. Mackey*, 220 Ga. App. 43, 44 (467 SE2d 362). Even where the language of a statute seems plain and unambiguous, it cannot be interpreted as leading to an absurd or foolish result, for we can never ascribe to the legislature a wholly unreasonable intention "or an intention to do a futile and useless thing." *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81).

According to the statutory scheme, the *ability to earn* — not the *propensity to earn* — controls the issue presented in this appeal. Under the statutory language the legislature plainly intended a claimant's benefits to be reduced in these circumstances to an amount which she is *"able"* to earn. It is not reasonable to conclude the claimant is *able* to earn nothing because she is earning nothing. While we concede that the legislature could have provided a means to determine what a claimant is "able" to earn whether she earns it or not, it is absurd to award a claimant an increased award of benefits because she refuses to work or for some other reason is not working, on the theory that it cannot be determined what she is "able" to earn because she is not earning it. And it is unreasonable to conclude a claimant is "able" to earn nothing merely because she earns nothing. It was therefore error for the Board to conclude that Tanner is "able" to earn $0 simply because she *is* earning $0.

We conclude that under the present statutory scheme, when a claimant is "able to earn" but is not earning, in the absence of any legislative guidance the employer may reasonably theorize, based upon proof of available jobs for which the claimant is qualified, what the employee is "able to earn." The legislature did not intend claimants to not work and thereby avoid a reduced benefit.

Moreover, we think the language which provides that such reduced benefits are to be based on what the improved employee is *"able* to earn," necessarily allows the employer to theorize where there is any evidence of ability. What any person is "able" to earn is not defined merely by what a person is earning at any point in time. If the claimant is not working, for whatever reason, nothing in OCGA § 34-9-262 prevents the employer from *reasonably* determining her "ability."

Accordingly, the Workers' Compensation Board erred in reducing the claimant's "ability to earn" to $0 merely because she is not working, and the superior court erred in affirming the board. The question before the board should be whether the amount the employer's theorizing as to what the claimant was "able to earn" was reasonable according to the evidence. As to the board's standard of review or determination, see OCGA § 34-9-102, as amended. The evi-

dence to be considered might include the claimant's earning power before her injury and her present physical and/or mental ability.

The judgment is vacated and the trial court is directed to remand the case to the board for further consideration not inconsistent herewith.

*Judgment vacated and case remanded. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 12, 1997 —
RECONSIDERATION DENIED MARCH 26, 1997 —

*Hamilton, Westby, Marshall & Antonowich, Catherine D. Buckley*, for appellants.
*Collins & Eddings, Mike Eddings*, for appellee.