## A97A1008. THOMAS v. THE STATE.
### (486 SE2d 673)

BLACKBURN, Judge.

This is the third appearance of this case before us. In *Thomas v. State*, 145 Ga. App. 69 (243 SE2d 250) (1978), we affirmed Thomas' convictions for armed robbery and kidnapping, set aside the death sentence on the kidnapping count, and remanded for resentencing. In *Thomas v. State*, 150 Ga. App. 341 (258 SE2d 28) (1979), we affirmed the trial court's resentencing on the kidnapping count to life imprisonment served consecutively to the life sentence received on the armed robbery conviction. In the present appeal, Thomas appeals the trial court's denial of his motion for modification of sentence.

"A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948); OCGA § 17-10-1. Where a sentence is void, how-

ever, the court may resentence the defendant at any time. *Mullins v. State*, 134 Ga. App. 243 (214 SE2d 1) (1975)." *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991). In this case, Thomas contends that his sentence is void due to Georgia's violations of the Voting Rights Act as found in *Brooks v. State Bd. of Elections*, 775 FSupp. 1470 (S.D. Ga. 1989). However, the court in *Brooks* specifically held that the actions taken by the judges whose positions were questioned were valid. Id. at 1482.

Thomas' argument that the United States Supreme Court's decision in *Ryder v. United States*, 515 U. S. ___ (115 SC 2031, 132 LE2d 136) (1995) renders his sentence void is without merit. In *Ryder*, the court determined that decisions made by a three-judge panel of the Coast Guard Court of Military Review were not entitled to de facto validity as two of the judges were civilians appointed by the general counsel of the United States Department of Transportation in violation of the Federal Constitution's appointment clause. The court's decision in *Ryder* is, therefore, inapplicable to the present case.

As Thomas' sentence is not void on the basis of the arguments presented, his motion for modification of sentence was properly denied by the trial court. See *Crumbley*, supra.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 9, 1997 — 

 Before Judge Gaines.

Albert Thomas, *pro se*.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.