A97A2389. BRYANT v. THE STATE.
(494 SE2d 353)

BIRDSONG, Presiding Judge.

Appellant pled guilty to and was convicted of the offense of aggravated sexual battery. He appeals that conviction and enumerates two errors. *Held*:

1. Appellant contends that his resentencing violates the principles of double jeopardy. We disagree.

Appellant pled guilty to the offenses of aggravated sexual bat-

tery, child molestation, and false imprisonment. OCGA § 16-6-22.2 (c) provides that a person convicted of aggravated sexual battery "shall be punished by imprisonment for not less than ten nor more than 20 years. Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." OCGA § 17-10-6.1 (a) (7) prescribes that aggravated sexual battery, as defined in OCGA § 16-6-22.2, constitutes a "serious violent felony," within the meaning of OCGA § 17-10-6.1. OCGA § 17-10-6.1 (b) pertinently provides that: "[A]ny person convicted of a serious violent felony . . . shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence."

The trial court sentenced appellant to serve twenty years as to the aggravated sexual battery charge with the first five years in confinement and the balance on probation. Subsequently, the Senior Assistant Attorney General, Department of Law, sent a letter to the district attorney of the local judicial circuit informing him that his office had advised the Department of Corrections not to accept the appellant, because appellant's sentence on the aggravated sexual battery count violated the mandatory minimum sentence requirements of OCGA § 17-10-6.1. Thereafter, the trial court vacated its earlier sentence and resentenced appellant to serve 20 years in confinement. Generally, "[p]unishment may be increased on resentence . . . if the court determines, in proper exercise of its discretion, that such increase serves a valid purpose." *Short v. United States*, 344 F2d 550, 552 (D.C. Cir.). Examination of the resentencing hearing establishes that the trial court did not resentence appellant due to any vindictive reason, rather he resentenced appellant for the purpose of attempting to conform the adjudged sentence to the mandates of the statutory law of this state. See generally *Gauntlett v. Kelley*, 849 F2d 213 (6th Cir.). Further, we find that an accused who has been convicted of a crime has neither a vested right to nor a reasonable expectation of finality as to a pronounced sentence which is null and void because of its failure to comply with the mandatory minimum sentence requirements of the criminal statutes of this state.

Appellant does not enumerate as error and we do not here address whether the trial court was correct in concluding that it must sentence appellant to twenty years to serve; that is, for example, whether the trial court could have sentenced appellant to twenty years with ten years to serve and ten years on probation.

OCGA § 17-10-6.1 (b) mandates that a person convicted of certain serious violent felonies, including aggravated sexual battery,

"shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court. . . ." On its face, this statute requires that an offender be confined for a serious violent felony for a term of ten years and the imposed sentence cannot be probated so as to enable the accused to be confined for a lesser period of time. Thus, probation of 15 years of appellant's original 20 year sentence violated the provisions of OCGA § 17-10-6.1 (b) and therefore constituted a null and void sentence. In Georgia, a defendant, after a plea or verdict of guilty, may, when a void sentence has been imposed, be returned before the proper court so that a legal sentence may be imposed upon him in accordance with the existing law. *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656); compare *Hartman v. State*, 266 Ga. 613, 615 (5) (469 SE2d 163); see also *Hubbard v. State*, 225 Ga. App. 154 (483 SE2d 115). "Where a sentence is void . . . the court may resentence the defendant at any time." *Thomas v. State*, 226 Ga. App. 409 (486 SE2d 673). " 'The imposition of a void sentence is not an obstacle to the assumption by the court which imposed it of jurisdiction of the convict, in order that a legal sentence may be imposed. . . . *The case is to be regarded as pending until it is finally disposed of by the imposition of a lawful sentence.*' " (Emphasis supplied.) *DeBenque v. United States*, 85 F2d 202, 205 (1) (D.C. Cir.). As the original sentence imposed upon appellant was void and as his case was still pending until a lawful sentence could be imposed upon him, appellant's claim of double jeopardy fails. Compare id.; *King v. United States*, 98 F2d 291, 295 (D.C. Cir.). Appellant's first enumeration of error is without merit.

2. Appellant contends that his resentencing is in violation of the principle of separation of powers of the Constitution of the United States and the Constitution of the State of Georgia.

That portion of the above enumeration pertaining to a violation of the Constitution of the United States is not supported in appellant's brief by citation of authority or argument and therefore is deemed abandoned. Court of Appeals Rule 27 (c) (2).

Additionally, at the hearing on resentencing, appellant, against the advice and participation of counsel, requested the trial court to sentence him immediately and elected not to withdraw his guilty plea. Appellant's attorney requested "a sufficient amount of time after sentencing . . . to be able to perfect the record with regard to any objections [he] may have in . . . the Double Jeopardy area and the Constitutional Separation of Powers violation that [he may] feel mandatory/minimum sentencing imposes on the Court." Appellant did not make any specific constitutional objection based on either the United States Constitution or the Constitution of the State of Geor-

gia, and the trial court did not affirmatively rule on the record as to any such specific constitutional objection. Accordingly, neither federal nor state constitutional objections have been preserved for appeal. See *Meders v. State*, 260 Ga. 49, 54 (2) (b) (389 SE2d 320); *Whatley v. State*, 196 Ga. App. 73, 75 (1) (395 SE2d 582). Appellant's second enumeration, as crafted, is without merit.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 24, 1997.

*Walter E. Van Heiningen*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.