## A00A1848. LEVELL v. THE STATE.
### (544 SE2d 523)

SMITH, Presiding Judge.

The issue in this appeal concerns the timeliness of a motion to reduce sentence filed by Anthony Levell. Because the record shows that Levell filed the motion after expiration of the term of court in which his sentence was entered, we conclude that the trial court correctly determined it did not have authority to modify Levell's prison sentence.

On January 14, 1997, Levell entered a guilty plea in DeKalb County to one count of public indecency and one count of child molestation. He was sentenced to a total term of ten years, with four years to be served in prison and six to serve on probation. At the time he entered his plea, Levell was a senior in college. So Levell could complete his final semester, the trial judge allowed him to serve a portion of his probationary sentence before beginning his prison sentence. He began his prison sentence on March 29, 1997, upon completing his last examination. After the term of court expired, Levell filed a motion to reduce sentence and later an amended motion to reduce sentence. Following a hearing, the trial court denied the relief sought by Levell. This appeal ensued. We find no error, and we affirm.

1. The law in this State is well settled that "a trial court loses power to modify, suspend, or vacate its judgments after the term [in] which they are rendered. [Cits.]" *Latham v. State*, 225 Ga. App. 147-148 (483 SE2d 322) (1997). In *Latham*, the defendant filed a motion to modify her sentence after the term of court expired. This court stated that under former OCGA § 17-10-1 (a), " '[a]fter the term of court, or 60 days from the date on which the sentence was imposed by the judge,' " id. at 148, whichever was greater, the trial judge had no authority to change a defendant's sentence except with respect to probation. Id. But the statute was revised in 1992 to eliminate the 60-day time limit provision. We concluded that this amendment did not afford a trial court unlimited time in which to modify a defendant's custodial sentence. Id. at 149. Because the defendant filed her motion to modify sentence after the term of court expired, we found that the trial court correctly refused to consider the motion. Id. at 150. Here, too, Levell filed his motion to reduce sentence after expiration of the term in which the judgment and sentence were entered. This was too late.

Contrary to Levell's argument, *Thomas v. State*, 226 Ga. App. 409 (486 SE2d 673) (1997), decided three months after *Latham*, does not require a different conclusion. In *Thomas*, we quoted *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991) and stated that " '[a] trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. [Cits.] Where a sentence is void, however, the court may resentence the defendant at any time. [Cits.]' " *Thomas*, supra, 226 Ga. App. at 409-410. We do not agree with Levell that the reference to the 60-day provision in *Thomas* gave the trial court in this case jurisdiction to consider his motion to modify sentence. *Crumbley* was decided when the prior version of OCGA § 17-10-1 (a) was in effect. But as discussed in *Latham*, the statute was amended to eliminate the time provision. Also, the issue necessary to our decision in *Thomas* was whether the defendant's sentence was void. Any reference to the 60-day provision is dicta and is not binding. See *White v. State*, 213 Ga. App. 429, 430 (445 SE2d 309) (1994).

Levell also argues that the trial judge had jurisdiction to consider his motion under OCGA § 42-8-34 (g), which provides:

> The sentencing judge shall not lose jurisdiction over any person placed on probation during the term of his probated sentence. The judge is empowered to revoke any or all of the probated sentence, *rescind any or all of the sentence*, or, in any manner deemed advisable by the judge, to modify or change the probated sentence at any time during the period of time originally prescribed for the probated sentence to run.

(Emphasis supplied.) We cannot agree with Levell that the empha-

sized portion of this provision allows a trial judge to modify a defendant's sentence even after the term of court has expired. "A statute must be construed and harmonized to give meaning to every part." *Latham,* supra, 225 Ga. App. at 150. So reading the provision relied on by Levell, we conclude that the legislature intended it to apply only to a trial court's authority to modify a probationary sentence. The provision appears in the article relating specifically to probation. And Levell's interpretation of the provision would render meaningless the legislature's express statement in OCGA § 42-8-34 (g) concerning the trial judge's jurisdiction over the defendant *"during the term of his probated sentence."* (Emphasis supplied.) This interpretation also would circumvent the well-established rule, discussed above, that a trial court cannot modify a judgment after the term of court in which it is rendered. *Latham,* supra, 225 Ga. App. at 147-148. As stated in *Latham:*

> Courts cannot at their pleasure reopen questions which have been concluded by solemn adjudication. There must be some point at which stare decisis applies, and that point, with respect to a judgment upon the merits, unexcepted to, is the conclusion of the term at which it is rendered.

(Citation and punctuation omitted.) Id. at 148. Under well-established principles, the trial court did not have authority to reduce the prison portion of Levell's sentence, and the court did not err in so ruling.

2. Levell contends that even if we conclude his motion to reduce sentence was untimely filed, we should reverse because "the timing of the filing was the result of the excusable neglect of [his] counsel and not the result of any of [Levell's] conduct." But the issue of whether counsel's neglect was excusable was a factual issue to be resolved by the trial court, and the trial court here had no authority to consider the motion. We find no merit in Levell's contention that this case is similar to cases permitting out-of-time appeals "when the tardy filing is a result of the attorney not performing his professional duties." Such cases address the jurisdiction of *this* court to consider untimely filed appeals and the propriety of an out-of-time appeal when "the deficiency involves not the trial but the denial of the right of appeal." (Citation and punctuation omitted.) *Rowland v. State,* 264 Ga. 872, 875 (452 SE2d 756) (1995). The issues in this case do not involve the jurisdiction of this court when a defendant's counsel has failed to properly appeal a conviction. Levell cites us to no authority that would extend the reasoning we employ concerning out-of-time appeals to the circumstances of this case, and we find none. We affirm.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 22, 2001.

*Howard J. Weintraub,* for appellant.
*J. Tom Morgan, District Attorney, Kristin L. Wood, Assistant District Attorney,* for appellee.