## A00A2390. PATEL v. THE STATE.
(545 SE2d 383)

MILLER, Judge.

Pulin R. Patel was tried before a jury in the City Court of Atlanta and found guilty of following too closely, leaving the scene of an accident, reckless driving, and driving under the influence of alcohol. His convictions were affirmed on direct appeal. In Case No. A00A2390, Patel appeals from the denial of his subsequent motion to modify his four misdemeanor sentences.

1. The trial court's order denied Patel's motion on the ground that "[a] trial court loses power to modify, suspend or vacate its judgments after the term at which they are rendered."[1] That is the general rule for both felony and misdemeanor convictions, but the rule is different for misdemeanor sentences imposed under OCGA § 17-10-3 (a) (1).[2] "The sentencing courts shall retain jurisdiction to amend, modify, alter, suspend, or probate sentences under paragraph (1) of subsection (a) of [OCGA § 17-10-3] at any time. . . ."[3] Thus, the trial court here retained the discretionary authority to grant Patel's motion to modify any misdemeanor sentences imposed under that Code section.[4] But such discretion does not extend to the sentence for driving under the influence. Sentences for driving under the influence are otherwise provided for by OCGA § 40-6-391 (c).

2. The Solicitor urges an affirmance under the theory that a

---

[1] Citing *Latham v. State*, 225 Ga. App. 147 (483 SE2d 322) (1997).

[2] Except as otherwise provided by law, every misdemeanor shall be punished by a fine not to exceed $1,000 or by confinement in the county jail for a term not to exceed 12 months, or both. OCGA § 17-10-3 (a) (1).

[3] OCGA § 17-10-3 (b).

[4] *State v. James*, 211 Ga. App. 149, 150-151 (2) (438 SE2d 399) (1993).

judgment that is right for any reason must be affirmed. But the court clearly *did not exercise* any discretion because it erroneously believed it *had no* discretion to grant Patel's motion for leniency in misdemeanor sentencing since the term of court had passed. Where a ruling committed to the discretion of the trial court shows that no such discretion was in fact exercised and that the judgment rendered was based on an erroneous theory of law or a misapprehension of the applicable law, the "right for any reason" rule cannot ratify the result.[5] The judgment of the trial court denying Patel's motion to modify misdemeanor sentences is vacated and the case is remanded with direction to consider the merits of this motion in the full exercise of the court's enlightened discretion.

*Judgment vacated and case remanded with direction. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2001.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

*Joseph J. Drolet, Solicitor, Shukura L. Ingram, Craig E. Miller, Assistant Solicitors*, for appellee.

---

[5] *Watson v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972). Accord *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 770 (3) (525 SE2d 123) (1999).