### A03A0204. CREW v. THE STATE.
(578 SE2d 312)

JOHNSON, Presiding Judge.

On July 28, 1997, Varon Mark Crew pled guilty to two counts of child molestation. The trial court sentenced Crew to serve 20 years on Count 1, and 20 years on Count 2 to run concurrent with Count 1. Nearly five years later, on July 2, 2002, Crew filed a motion to modify his sentence, claiming the two counts arose from the same incident and constituted double jeopardy and that the evidence supported the offense of indecent exposure and not child molestation. The trial court dismissed Crew's motion. Crew appeals, requesting us to vacate the trial court's order and direct the trial court to conduct an evidentiary hearing on his motion to modify his sentence. Since Crew's motion to modify his sentence was not timely filed, the trial court had no jurisdiction to consider the motion and properly dismissed the motion.

A trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered.[1] An exception exists when the sentence is one that the law does not allow.[2] But that is not the situation here, as Crew's sentence is well within the maximum allowed.[3] Dismissal of the motion was required.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[1] *Eddleman v. State*, 247 Ga. App. 753 (2) (545 SE2d 122) (2001); *Levell v. State*, 247 Ga. App. 615, 616 (1) (544 SE2d 523) (2001).
[2] *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998).
[3] OCGA § 16-6-4 (b).

DECIDED FEBRUARY 19, 2003.

Varon M. Crew, *pro se.*
Peter J. Skandalakis, *District Attorney,* Charles M. Lane, *Assistant District Attorney,* for appellee.