## A11A1509. THE STATE v. SANCHEZ.

(720 SE2d 304)

ELLINGTON, Judge.

The State appeals from an order of the Superior Court of Whitfield County modifying Sergio Sanchez' misdemeanor sentence. The State contends that the modification constitutes an illegal judgment[1] and is, therefore, void. Specifically, the State argues that the superior court was without jurisdiction to modify a sentence outside the term of court in which it was entered and which had been served in its entirety. We agree and vacate the court's order.

Sanchez pleaded guilty to two misdemeanor state offenses[2] and, on September 16, 2008, the superior court sentenced Sanchez to consecutive, 12-month periods in the state penal system, the sentences to be served on probation. Because the court's sentencing order remanded Sanchez into the custody of the State Department of Corrections, the sentence was imposed pursuant to OCGA § 17-10-3 (a) (2).[3] On February 23, 2011, Sanchez filed a motion to modify his

---

[1] "Notwithstanding the provisions of OCGA § 5-7-1, the State may appeal directly an illegal judgment." (Citations and punctuation omitted.) *State v. Mohamed*, 203 Ga. App. 21 (1) (416 SE2d 358) (1992).

[2] Sanchez pleaded guilty to criminal trespass, OCGA § 16-7-21, and simple assault, OCGA § 16-5-20.

[3] That Code section provides that, except as otherwise provided by law, misdemeanors may be punished, inter alia, "[b]y confinement under the jurisdiction of the Board of Corrections in a state probation detention center or diversion center pursuant to Code Sections

sentence. The motion was filed outside the term of court in which it was entered[4] and five months after the sentence had been served. Following a hearing, the superior court entered an order on March 22, 2011, modifying Sanchez' sentences to consecutive 11-month periods. It is from this order that the State appeals.

"[A] trial court loses power to modify, suspend or vacate its judgments after the term at which they are rendered." (Citations omitted.) *Latham v. State*, 225 Ga. App. 147 (483 SE2d 322) (1997). "That is the general rule for both felony and misdemeanor convictions, but the rule is different for misdemeanor sentences imposed under OCGA § 17-10-3 (a) (1)." *Patel v. State*, 247 Ga. App. 815 (1) (545 SE2d 383) (2001). When a court sentences a misdemeanant to serve his sentence in county custody pursuant to OCGA § 17-10-3 (a) (1), the sentencing court retains "jurisdiction to amend, modify, alter, suspend, or probate" that sentence "at any time[.]" OCGA § 17-10-3 (b). Because the superior court did not direct that Sanchez be remanded into county custody, it did not retain jurisdiction to modify his sentence at any time, as Sanchez argues. Id. Because Sanchez' motion to modify was filed outside the term of court in which it was entered, and no exception to that rule applies, the trial court lacked authority to modify it. Cf. *Patel v. State*, 247 Ga. App. at 815 (1). Therefore, the superior court's order modifying Sanchez' sentence is a nullity and must be vacated.

*Judgment vacated. Miller, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 22, 2011.

*Kermit N. McManus, District Attorney, Benjamin B. Kenemer, Assistant District Attorney*, for appellant.

*Campano & Sperling, Jean C. Sperling-Cavallero, Jennifer K. Mason*, for appellee.

---

42-8-35.4 and 42-8-35.5, for a determinate term of months which shall not exceed a total term of 12 months[.]"

[4] See OCGA § 15-6-3 (12) (B) (Whitfield County terms of court begin on the second Monday in January and July).