## A89A0752. STIRLING v. THE STATE.
### (383 SE2d 595)

BIRDSONG, Judge.

This is Alan Stirling's third appeal pro se on matters relating to his June 1986 indictment for aggravated assault, criminal trespass, and theft by taking. See *Stirling v. State*, 189 Ga. App. 283 (375 SE2d 302); and an order of record of this court remanding the case for a bond hearing under *Birge v. State*, 238 Ga. 88 (230 SE2d 895).

The present appeal complains of the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170, for the failure to grant a speedy trial. Appellant asserts that he demanded a speedy trial soon after he was arrested in California in

March 1987.

At a calendar call of trial cases held on October 20, 1986, the DA had announced that he understood Stirling had dismissed his attorney, Moore. Mr. Moore asserted that he did not know of this. A court officer then announced that Stirling himself had called and asked for a continuance because he had discharged Moore, but had been advised he must appear. Thereupon, the appellant not appearing, the State asked for a bench warrant and forfeiture of bond. Appellant then moved to dismiss and quash this warrant because he had been on 24-hour telephone call and nobody had called him.

Thereafter, appellant absconded, and a bench warrant was issued by Cobb Superior Court on January 13, 1987. He was finally located in California in March 1987, and waiving extradition, was returned to Georgia, where he has ever since been in custody. He was arraigned on April 10, 1987; the Cobb trial judge wrote upon the face of the bench warrant: "Defendant has demanded a speedy trial in open court. 4/10/87 [Signature initials] J.O.S."

A notice to appellant's bonding company from the superior court clerk stated that the case "has been scheduled for trial during the week of 05/11/87 at 09:30 a.m. in Courtroom C, 6th floor, Cobb Superior Court Building. . . . FAILURE TO APPEAR WILL RESULT IN THE ISSUANCE OF A BENCH WARRANT FOR YOUR ARREST. SIGNED AND MAILED 05/04/87." (Emphasis supplied.) On that named day (May 4, 1987) an attorney, Berry, made an appearance as counsel for Stirling, but not for trial. Berry immediately (May 4, 1987) started discovery proceedings, including a motion on May 5 for in camera Brady proceedings.

On May 12, 1987, the trial court, by consent of the DA and attorney Berry, ordered the case "continued," because of a potential conflict of interest raised by the victim against attorney Berry. In that order of continuance, the case was set for trial on June 15, 1987. The clerk again on June 2 gave notice of this second trial date. Attorney Berry then on June 11 requested a leave of absence from June 14 to June 19, which was granted. The next day, on June 12, Stirling hired another attorney upon "the State Bar of Georgia's opinion that Mr. Berry has a conflict of interest. . . ."

This third attorney, Cella, requested a continuance for time to prepare, requesting the trial court reset the case "on the next available jury calendar." This motion for continuance was granted on June 22, and the case was re-set for jury trial on July 13, 1987. However, appellant Stirling relieved attorney Cella, and vigorously asserted by a handwritten pleading filed June 26, that no attorney had ever been authorized to seek a continuance of his case, and that "[t]his Defendant's trial preparation was completed and ready for trial at all times previous [hereto]." He stated further that the attorney's "refusal to

consult with clients cannot be allowed to impede these court proceedings"; and demanded a trial by jury.

Thereafter, beginning July 17, 1987, appellant pro se began to assert his right to discharge and acquittal under OCGA § 17-7-170, for denial of speedy trial. He asserted by brief that he had been incarcerated in Cobb County since March 26, 1987, and had been excluded from all courtroom proceedings; that his ability to defend was "substantially eroded" during all this time, which included a painful and emotional divorce, the disappearance of his minor children, and the diminishment of family resources until October 1986, when their personal property was sold at auction. He referred to "the inadvertent . . . continuance requested by defendant's ex attorney, [Cella]."

His motion to acquit was based on all these proceedings, and the fact that he was "not tried at the term when demand was made, or at the next regular succeeding term [although] there were juries impaneled and qualified to try him."

In short, he contends that following his April 4, 1987, oral demand for speedy trial noted on the bench warrant, others had hindered and hampered his speedy trial although he himself was always ready to be tried.

It must be noted that on August 5, 1987, the trial court heard at length the appellant's motions concerning bond, lie detector stipulations, and other matters. These matters being disposed, the trial court finally stated that there were 42 jurors waiting outside, and queried whether Stirling was ready to go to trial. He stated that he was not ready. At this point, the State asked the demand for speedy trial be set aside and vacated as having been waived, since the defendant had asked (in effect) for a continuance. The trial court stated that it had specially set all Stirling's matters for hearing during the middle of the week, and "I have made no secret all week of the fact that I was going to give you a speedy trial. You knew that's why we were here today." The defendant replied that it was more difficult for him to handle the proceedings "at a handwritten pace . . . [and w]e have these other things to deal with, and there is going to be an appeal on your earlier ruling." The trial court noted, nevertheless, that with no appeal pending, it still had jurisdiction of the defendant's case, and was offering him now the speedy trial he had demanded. The defendant replied that he was so tired he was about to fall out of his chair, for he had been up since 5:30 a.m. and (in jail) had to sit in the "bullpen" and then in the "sweatbox"; and he said: "I don't think we should work with that jury this evening . . . we should get back some of the other people that are still on the record, and my mental condition in the state of exhaustion is not sufficient to run the next part of the trial anyway."

Whereupon, the trial court dismissed the refiled demand for

speedy trial, and on July 31, 1987, ordered and found: "(1) The Defendant filed his Demand for Speedy Trial in the wrong Court. . . . (2) The Demand for Speedy Trial was made out of term without special permission of the Court. . . . (3) The Demand for Speedy Trial does not refer to the Georgia Statute, OCGA § 17-7-170. . . . (4) The Demand for Speedy Trial does not use language which reasonably would put its reader on notice that the Defendant is relying on the two term discharge provision of OCGA § 17-7-170. . . . (5) The Defendant did not properly serve the District Attorney's Office with the Demand for Speedy Trial." *Held*:

Whatever reason the trial court ascribed to his denial of discharge and acquittal for failure to grant speedy trial, the procedural facts we have stated leave no doubt that Stirling did not want a speedy trial but, instead, did everything he could to avoid one. He blames the confusions from June 1986 until August 1987, upon others, but the facts are all too clear. He discharged one attorney in October 1986, and fled; and after being brought back, he orally made a demand for speedy trial. Thereafter, he discharged two more attorneys and took advantage of other confusions while *three* times from May 1987 until August, his case was in fact placed upon the calendar and called for trial. The first time (May 4, 1987), an attorney suddenly appeared; and then, when the case was set for trial again (on June 15) that counsel dissolved; and then, when the case was set a third time, appellant discharged his third attorney and asserted that all the continuances sought theretofore had been unauthorized.

The record shows differently. We must presume that Stirling's different counsel acted on his behalf and request, and in any case he hired a new one each time a trial date approached. It is abundantly clear the trial court provided appellant with three opportunities for a speedy trial, but each time the appellant feinted, and finally, the third time, when he was blocked, he simply said he was not ready because it was too difficult for him to do alone. He does not show here why he had no attorney then, and according to the record itself, no pauper's affidavit has been filed.

We find as a matter of law, and the trial court correctly held, that appellant had waived any proper demand for speedy trial by his continued inactions, and certainly by his having affirmatively declined a trial the third time, in August 1987, while 42 jurors awaited. As to waiver generally see *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728); *Huckeba v. State*, 157 Ga. App. 795 (278 SE2d 703).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 6, 1989 —
REHEARING DENIED JUNE 21, 1989 —

Alan Stirling, *pro se.*
Thomas J. Charron, *District Attorney*, for appellee.