A91A0097, A91A0098, A91A0099. STIRLING v. THE STATE
(three cases).
(406 SE2d 282)

COOPER, Judge.

In Case No. A91A0097, defendant appeals his conviction by a jury of aggravated assault, theft by taking and criminal trespass.

Defendant's trial counsel filed a notice of appeal from the conviction. Prior to the docketing of the case in the Court of Appeals, the trial court entered an order allowing defendant's trial attorney to withdraw as counsel and appointed another attorney to represent defendant. The case was docketed in this court on October 3, 1990. In a letter to this court dated October 19, 1990, defendant's new attorney wrote that defendant no longer wanted his representation and requested an extension of time to file a brief and enumeration of error for defendant so that defendant could make appropriate arrangements. On October 31, 1990, defendant's attorney was granted a 20-day extension of time to file a brief and enumeration of error. No brief or enumeration of error was filed, and on November 27, 1990, this court issued an order directing counsel for defendant to file a brief and enumeration of error no later than December 3, 1990. A brief and enumeration of error has never been filed. Pursuant to the rule set forth in *Conyers v. State*, 183 Ga. App. 591 (1) (359 SE2d 454) (1987), we have reviewed the record submitted on appeal and find no error. *Griffin v. State*, 184 Ga. App. 62 (2) (361 SE2d 284) (1987).

In Case No. A91A0098, defendant, pro se, appeals from an order of the trial court dated February 12, 1990, denying his motion for discharge and acquittal. Defendant's motion, filed on January 9, 1990, was on the grounds that the trial court failed to grant defendant a speedy trial. The record reflects that defendant previously filed a motion for discharge and acquittal on the same grounds, and the trial judge entered an order denying the motion. On appeal to this court of that order, we affirmed the decision of the trial judge. *Stirling v. State*, 192 Ga. App. 39 (383 SE2d 595) (1989). "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. [Cit.] The same is true of appeals of the same issue on the same grounds. Our determination [in the earlier appeal] is *res judicata*; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a second time." *Horton v. State*, 189 Ga. App. 370 (375 SE2d 668) (1988).

In Case No. A91A0099, defendant, pro se, appeals from an order of the trial court denying his petition for rehearing of the defendant's motion for discharge and acquittal. The order denying defendant's motion for discharge and acquittal is dated February 12, 1990, and the order denying defendant's petition for rehearing is dated March

27, 1990. Defendant's notice of appeal was filed April 9, 1990. A petition for rehearing is not one of the three statutory motions identified in OCGA § 5-6-38 which will extend the time for filing a notice of appeal. Defendant's notice of appeal having been filed more than 30 days after the entry of the order denying his motion for discharge and acquittal, the appeal was untimely and we lack jurisdiction to entertain it.

*Judgment affirmed in Case No. A91A0097. Appeals dismissed in Case Nos. A91A0098 and A91A0099. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 5, 1991.

*Kenneth L. Chalker, Jr.,* for appellant.
Alan Stirling, *pro se.*
*Thomas J. Charron, District Attorney, Joan V. Bloom, Assistant District Attorney,* for appellee.