A91A1125. GONZALEZ v. THE STATE.
(411 SE2d 345)

ANDREWS, Judge.

In 1984 Gonzalez was convicted on both counts of a two count indictment for conspiring to traffic in cocaine (count I), and conspiring to traffic in marijuana (count II). He received a sentence of 16 years to serve and a fine of $250,000 on count I, and 10 years to serve and a fine of $25,000 on count II. Both convictions were affirmed on appeal by this court in *Gonzalez v. State*, 175 Ga. App. 217 (333 SE2d 132) (1985). In November 1990 in the trial court where he was

sentenced, Gonzalez filed a motion to vacate the fines. He appeals pro se from the trial court's denial of the motion.

No issue was raised as to the fines on the previous appeal. The trial court denied the motion stating that it had no authority to modify the sentences after the term in which they were imposed. "[A] superior court judge cannot modify sentence after the expiration of the term of court at which the sentence was imposed. However, if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time." (Punctuation and citations omitted.) *McCranie v. State*, 157 Ga. App. 110, 111 (276 SE2d 263) (1981).

Both of the fines imposed were unauthorized and void. Under OCGA § 16-13-33, the offenses of conspiracy to traffic in cocaine and marijuana are punishable by imprisonment not exceeding the maximum term prescribed for the offenses which were the objects of the conspiracy, but the Code section contains no provision for imposition of a fine. *Holbert v. State*, 177 Ga. App. 461 (340 SE2d 25) (1986). A fine may be otherwise imposed under OCGA § 17-10-8 on any person convicted of a felony as a condition of probation, but no part of the present sentences was probated so this Code section does not apply. *Etchison v. State*, 175 Ga. App. 723, 724 (334 SE2d 324) (1985). Since the controlling statute did not authorize imposition of the fines they were void, and this issue was properly raised by the defendant's motion to vacate the fines. *Holbert*, supra at 462; *Raftis v. State*, 175 Ga. App. 893, 898 (334 SE2d 857) (1985).

Accordingly, the trial court erred by denying the motion to vacate. Both fines must be set aside.

*Judgment reversed and case remanded for resentencing. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 8, 1991.

Guillermo Gonzalez, *pro se.*

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, for appellee.