A98A1338. SHAW v. THE STATE.
(504 SE2d 18)

ANDREWS, Chief Judge.

Jeremiah Shaw appeals from the judgment of conviction entered on a guilty plea he entered to the charge of armed robbery and from the denial of his motion for resentencing. His enumerations of error on appeal relate solely to the denial of the motion for resentencing.

After Shaw pled guilty to armed robbery, the trial court entered a judgment of conviction on the plea and sentenced him on January 10, 1997, to a mandatory minimum term of imprisonment of ten years pursuant to OCGA § 17-10-6.1. On January 5, 1998, Shaw filed a motion seeking to have his sentence vacated and to be resentenced. Shaw claimed that the sentence was void because the trial court erroneously failed to exercise its discretion to consider whether he should be sentenced under the provisions of the First Offender Act (OCGA § 42-8-60 et seq.). The trial court denied the motion concluding that

the sentence was not void and that the court did not have jurisdiction to modify the sentence after the expiration of the term of court at which the sentence was entered.

A trial court is without jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered. *Latham v. State*, 225 Ga. App. 147 (483 SE2d 322) (1997). It is undisputed that the term of court during which Shaw was sentenced expired long before his motion for resentencing was filed. Nevertheless, even after the expiration of the applicable term of court, the trial court has jurisdiction to resentence the defendant where the sentence imposed is void. *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991). "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991).

The sentence imposed on Shaw is not void because it imposes the punishment set forth in OCGA § 17-10-6.1 for the serious violent felony of armed robbery. Since the sentence was not void, the trial court correctly concluded that, after the expiration of the applicable term of court, it was without jurisdiction to resentence Shaw. Accordingly, we do not address Shaw's claim that the trial court erred by failing to exercise its discretion to consider imposing a sentence under the provisions of the First Offender Act.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 22, 1998 —
RECONSIDERATION DENIED JULY 2, 1998 —

*Alan M. Alexander, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.

