A98A2418. PENNEY v. THE STATE.
(511 SE2d 275)

POPE, Presiding Judge.

Michael Ray Penney appeals from the trial court's order denying his motion to correct an allegedly void sentence. For the following reasons, we affirm.

On May 3, 1990, Penney was indicted for burglary. On May 17, 1990, he pled guilty and was sentenced to ten years imprisonment. On December 14, 1994, a federal court granted Penney's petition for habeas corpus relief and ordered the case remanded for actions consistent with the federal court's ruling. On May 20, 1996, with the assistance of retained counsel and pursuant to a negotiated plea, Penney again pled guilty to the burglary charges. Penney agreed to accept a sentence of five years on intensive probation *with no credit for time served* instead of pleading to the original ten years imprisonment. The trial court accepted the plea and sentenced Penney accordingly. Penney did not appeal this conviction nor did he file a motion to withdraw his guilty plea.

Shortly after he entered his guilty plea, Penney violated the terms and conditions of his probation. On March 19, 1998, the balance of Penney's probated sentence was revoked. Penney did not seek a discretionary appeal of the order revoking his probation.

On July 8, 1998, Penney filed a pro se motion for correction of his sentence. The motion was not filed within the term of court in which the sentence was entered. "A trial court is without jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered. *Latham v. State*, 225 Ga. App. 147 (483 SE2d 322) (1997). . . . Nevertheless, even after the expiration of the applicable term of court, the trial court has jurisdiction to resentence the defendant where the sentence imposed is void. *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991). 'A sentence is void if the court imposes punishment that the law does not allow.'

*Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991)." *Shaw v. State*, 233 Ga. App. 232, 233 (504 SE2d 18) (1998).

Penney argued in his motion that his sentence was illegal and void because he was not given credit for time served. The trial court denied this motion because it was abundantly clear from the record that Penney knowingly and voluntarily exchanged the time he served on his previous ten year sentence for a five year probated sentence. Credit for time served is a personal benefit Penney was authorized to waive by his decision to enter a plea and accept a negotiated sentence. See *Powell v. State*, 229 Ga. App. 52, 53 (2) (494 SE2d 200) (1997). We find no error.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 1, 1999 —
RECONSIDERATION DENIED FEBRUARY 12, 1999.

Michael R. Penney, *pro se.*
*John C. Pridgen, District Attorney*, for appellee.