### S99A0892. WILLIAMS v. THE STATE.
(523 SE2d 857)

SEARS, Justice.

After the Court of Appeals denied the application for discretionary appeal filed by the appellant, Gibson Williams, we granted Williams's petition for certiorari and application for discretionary review to consider whether a trial court's failure to conduct a presentence hearing under OCGA § 17-10-2 (a) is an error which cannot be waived and cannot be harmless, and to consider whether a direct appeal lies from the denial of a motion in the sentencing court attacking a sentence on the ground that it was entered without a presentence hearing. For the reasons that follow, we conclude that a direct appeal does lie from the denial of a petition attacking a sentence based upon the allegation that it is void. Moreover, we conclude that the question whether a trial court's failure to hold a presentence hearing can be waived or held harmless only becomes an issue if the failure to hold a presentence hearing renders the defendant's sentence void. Because we also conclude that the failure to hold a presentence hearing in a non-death penalty case does not render a sentence void, we need not answer the question whether a trial court's failure to hold a presentence hearing is an error that cannot be waived and cannot be harmless.

In 1991, Williams was convicted of kidnapping with bodily injury, robbery by intimidation, possession of less than one ounce of marijuana, and criminal use of a gun with an altered identification number. After the guilty verdicts were returned by the jury, the trial court asked defense counsel if there was "anything from the defense in regard to sentencing?" Defense counsel responded that he would like to have the sentencing that day if possible. The trial court then asked whether defense wanted to request a presentence evaluation, and defense counsel responded that he did not. The trial court

recessed the trial, and set the sentencing for 4:00 p.m. that same day. After the case was reconvened, the trial court asked defense counsel whether there was "anything you would like to advise the court prior to the imposition of sentence on your client?" Defense counsel responded that he had nothing to say, but that Williams might want to address the court. The court then asked defense counsel whether he had discussed the possibility of a presentence investigation with his client. Defense counsel stated that he had discussed the matter with his client

> only briefly. I'm not sure he understands it, sir, but I have advised him and I told him that we didn't request one and he would be sentenced. I explained to him the mandatory nature of the first charge and that's been about the extent of our conversation. I'm not sure he absolutely understands the nature of presentences but I have advised him I think it's not probably going to be helpful for us in this situation and we should probably go ahead.

After this exchange, the court asked Williams if there was anything he wanted "to say to the court before sentence is imposed?" Williams responded that there was not. The court sentenced Williams to life for kidnapping, to twenty years consecutive for robbery, and to probated sentences of five years and twelve months for the other two offenses.

Williams appealed to the Court of Appeals, and that Court affirmed his conviction.[1] On appeal, Williams did not contend that the trial court erred in failing to conduct a presentence hearing pursuant to OCGA § 17-10-2 (a). Instead, he contended that the evidence was insufficient to support his convictions and that he received ineffective assistance of trial counsel. As for the latter issue, Williams contended that trial counsel was ineffective for failing to present evidence at sentencing. The Court of Appeals ruled that this claim was without merit because Williams "was convicted of kidnapping with bodily injury and received the mandatory life sentence pursuant to OCGA § 16-5-40 (b)."[2]

On July 18, 1998, Williams, proceeding pro se, filed a petition seeking to have the sentencing court correct what Williams alleged were void sentences. Relying on *Jefferson v. State*,[3] Williams contended that his sentences were void because the sentencing court failed to conduct a presentence hearing pursuant to OCGA § 17-10-2.

---

[1] *Williams v. State*, 211 Ga. App. 393 (439 SE2d 11) (1993).
[2] *Williams*, 211 Ga. App. at 398 (2) (s).
[3] 205 Ga. App. 687 (423 SE2d 425) (1992).

The sentencing court, however, denied Williams's petition, noting that Williams had appealed his conviction and sentence many years ago; that the "appellate opinion does not mention this particular sentencing issue"; and that "at this point in time, the court has no authority to modify the sentence." Williams then filed a discretionary appeal in the Court of Appeals. That court dismissed Williams's application by order, ruling that Williams's second appeal was not authorized. The court relied on *Taylor v. State*[4] in dismissing the appeal, but failed to mention its decision in *Jefferson v. State*,[5] in which the Court of Appeals permitted the defendant to have a direct appeal from the denial of his petition to correct what he alleged was a void sentence. In *Jefferson*, as in the present case, the defendant contended that his sentence was void due to the trial court's failure to hold a presentence hearing.

We subsequently granted Williams's petition for certiorari to consider (1) whether a trial court's failure to conduct a presentence hearing is an error which cannot be waived, even by the failure to raise it on an initial appeal, and cannot be harmless, and (2) whether a direct appeal lies from the denial of a motion in the sentencing court attacking a sentence on the ground that it was entered without a presentence hearing.

1. We first address the issue whether Williams had a right to file a direct appeal from the denial of his petition contending that his sentence was void because the trial court failed to hold the presentence hearing required by OCGA § 17-10-2. For the reasons that follow, we conclude that he did have a right of direct appeal.

Both this Court and the Court of Appeals have held that, when a sentence is void, a trial court has jurisdiction to resentence the defendant at any time.[6] Both courts thus have entertained direct appeals from the denial of motions in the sentencing court attacking a sentence on the ground that it is void.[7] The theory of these cases —

---

[4] 213 Ga. App. 217 (445 SE2d 577) (1994).

[5] 205 Ga. App. 687.

[6] *Jefferson*, 205 Ga. App. at 687 (1); *Crumbley v. State*, 261 Ga. 610, 611 (409 SE2d 517) (1991); *Wade v. State*, 231 Ga. 131, 133-134 (200 SE2d 271) (1973); *Heard v. Gill*, 204 Ga. 261 (49 SE2d 656) (1948); *Penney v. State*, 236 Ga. App. 442, 443 (511 SE2d 275) (1999); *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991).

[7] *Thompson v. State*, 266 Ga. 526 (468 SE2d 28) (1996); *Smith v. State*, 266 Ga. 208 (467 SE2d 510) (1996); *Worley v. State*, 265 Ga. 251 (454 SE2d 461) (1995); *Crumbley*, 261 Ga. at 611; *Wade*, 231 Ga. at 133-134; *Heard*, 204 Ga. 261; *Jefferson*, 205 Ga. App. at 687 (1); *Penney*, 236 Ga. App. at 443; *Gonzalez*, 201 Ga. App. at 438. We note that a trial court's ability to resentence a defendant at any time when the initial sentence is void does not benefit only the defendant. In *Hartman v. State*, 266 Ga. 613 (5) (469 SE2d 163) (1996), we permitted the trial court to impose a consecutive sentence on the defendant after the defendant had filed a motion for new trial, holding that the trial court retained the authority to do so because the initial concurrent sentence was void.

that a sentencing court retains jurisdiction to correct a void sentence at any time — supports the conclusion that a direct appeal should lie from the denial of a motion attacking a sentence on the ground that it is void. In this regard, the sentencing court's ruling on a petition to correct a void sentence is similar to a trial court's ruling on a motion to set aside a judgment in a civil case under OCGA § 9-11-60. And, before subsection (a) (8) of OCGA § 5-6-35 was enacted, the denial of a motion to set aside a judgment was directly appealable.[8] For the foregoing reasons, we now hold that the denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right. Williams thus had a right to directly appeal the trial court's order denying his motion to correct what he alleged were his void sentences, and the Court of Appeals erred in dismissing his application for discretionary appeal.[9] To the extent that *Taylor v. State*[10] is inconsistent with this opinion, it is overruled.

2. We turn now to the question whether a trial court's failure to conduct a presentence hearing is an error which cannot be waived and cannot be harmless. Because the case law discussed in Division 1 of this opinion establishes that the only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void,[11] we conclude that the question whether a trial court's failure to hold a presentence hearing can be waived or held harmless only becomes an issue if the failure to hold a presentence hearing renders the defendant's sentence void.[12] Moreover, we also conclude that a trial court's failure to hold a presentence hearing in a non-death penalty case, such as the present one, does not render a sentence void. Accordingly, Williams's sentence was not void for the trial court's failure to hold a presentence hearing, and we thus need not answer the question whether a trial court's failure to hold a presentence hearing is an error that cannot be waived and cannot be harmless.

In *Jefferson*, the Court of Appeals correctly noted the rule that a trial court retains jurisdiction to correct a void sentence at any time.[13] Relying on our decision in *Sprouse v. State*,[14] the Court of Appeals then held that the failure to hold a presentence hearing

---

[8] See *Johnson v. Barnes*, 237 Ga. 502 (229 SE2d 70) (1976).

[9] See OCGA § 5-6-35 (j).

[10] 213 Ga. App. 217.

[11] *Jefferson*, 205 Ga. App. at 687 (1); *Crumbley v. State*, 261 Ga. at 611; *Wade v. State*, 231 Ga. at 133-134; *Heard v. Gill*, 204 Ga. 261; *Penney v. State*, 236 Ga. App. at 443; *Gonzalez v. State*, 201 Ga. App. at 438.

[12] See *Bennett v. State*, 268 Ga. 849, 850-851 (494 SE2d 330) (1998), and *Marshall v. Marshall*, 257 Ga. 494, 495-496 (360 SE2d 572) (1987), in which we held that, as a general rule, void judgments could be attacked at any time, but that, under certain circumstances, there could be a waiver of the right to raise the issue that rendered the judgment void.

[13] *Jefferson*, 205 Ga. App. at 687.

[14] 242 Ga. 831, 834 (5) (252 SE2d 173) (1979).

could not be harmless and could not be waived by failing to object to the failure to hold the hearing.[15] Because the trial court failed to hold such a hearing in Jefferson's case, the Court of Appeals reversed his sentence and remanded for resentencing in accordance with OCGA § 17-10-2. Thus, without specifically stating the proposition, the Court implicitly concluded that the failure to hold a presentence hearing rendered the sentence void.

We conclude that the Court of Appeals erred in *Jefferson*, as well as in other cases,[16] by extending the rationale of *Sprouse*, a death penalty case, to hold that the failure to have a presentence hearing in a non-death penalty case renders a sentence void. In *Sprouse*, the defendant was sentenced to death without the benefit of a presentence hearing at which the defendant and the State could present evidence in aggravation, extenuation, and mitigation.[17] Moreover, the jury apparently was not even required to designate the aggravated circumstance upon which it based the death penalty. We concluded that the failure to follow these procedures was neither harmless nor waived by failing to object. We therefore ordered the trial court to conduct a new sentencing trial "under appropriate presentence proceedings and proper instructions to the jury."[18]

The error in extending *Sprouse* to non-death penalty cases becomes apparent when reviewing the definition of a void sentence. In *Crumbley*, we held that "[a] sentence is void if the court imposes punishment that the law does not allow. See, e.g, *Wade v. State*, 231 Ga. 131, 134-135 (200 SE2d 271) (1973) (holding sentences invalid because they did not follow the jury's verdict and sentence)."[19] Crumbley contended that his sentence of life imprisonment for murder was void because the trial court ordered it to run concurrently to a federal sentence that Crumbley did not begin serving until four months after his conviction for murder in Georgia. We held that, because the trial court was required to impose a life sentence for Crumbley's murder conviction, the sentence was not void.

In *Sprouse*, besides the consideration that " ' "the penalty of death is qualitatively different" from any other sentence,' "[20] not only was a presentence hearing not held, but the death penalty was imposed without the jury having to specify a statutory aggravating

---

[15] *Jefferson*, 205 Ga. App. at 687.

[16] In addition to *Jefferson*, the Court of Appeals has relied on our decision in *Sprouse* in *Howard v. State*, 161 Ga. App. 743, 746-747 (6) (289 SE2d 815) (1982), and *Martin v. State*, 228 Ga. App. 59, 63 (3) (491 SE2d 142) (1997), to hold that the failure to hold a presentence hearing can never be harmless or waived.

[17] Id.

[18] Id. at 834.

[19] *Crumbley*, 261 Ga. at 611.

[20] *Barnes v. State*, 269 Ga. 345, 358 (27) (496 SE2d 674) (1998).

circumstance. Thus, the sentences in *Sprouse* were not authorized by law, and this Court's holding in that case is correct. In non-death penalty felony cases, however, we conclude that the failure to hold a presentence hearing does not mean that a sentence imposed by the trial court is one "that the law does not allow."[21] For example, in the present case, all the sentences imposed upon Williams were sentences allowed under the law. Moreover, in *Bentley v. Willis*,[22] the appellant contended that the trial court that imposed sentence upon him did so without considering a presentence report prepared by a probation officer that the appellant alleged contained information favorable to him.[23] Although this Court noted that there was "no constitutional or statutory requirement that sentence not be imposed until after such report is prepared and considered," we held that "[e]ven if such report were required, such requirement could be waived by the defendant as was done here."[24] *Bentley* thus supports the conclusions that a defendant may waive an objection to a trial court's failure to hold a presentence hearing under § 17-10-2 (a) and that a sentence is not void when it is entered without the benefit of such a hearing.

For the foregoing reasons, we conclude that a sentence imposed by a trial court in a non-death penalty case is not rendered void by the court's failure to conduct a presentence hearing under OCGA § 17-10-2. Accordingly, although the sentencing court in this case denied Williams's petition to correct his sentence for the wrong reason, the petition was nevertheless correctly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 15, 1999.

Gibson Williams, *pro se.*
*David McDade, District Attorney,* for appellee.

---

[21] *Crumbley*, 261 Ga. at 611.
[22] 247 Ga. 461, 463 (276 SE2d 639) (1981).
[23] See OCGA § 42-8-34.
[24] Id.