### A99A1847. FOX v. THE STATE.
(527 SE2d 216)

MILLER, Judge.

Stephen Fox pled guilty to two counts of robbery by intimidation and was sentenced by Chatham County Superior Court in February 1998. In April 1999 he moved the court to withdraw his guilty plea and to amend his sentence. The court dismissed both motions on the grounds that they were filed outside the term of court in which sentence was entered. Despite acknowledging that controlling authority mandated the dismissal of his motions, Fox contends the court erred. We disagree and affirm.

Fox clearly filed the motions outside the term in which the court imposed sentence.[1] "The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered."[2] Similarly, "[a] trial court is without jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered."[3] As

[5] Compare *Rowland v. State,* 72 Ga. App. 793 (35 SE2d 372) (1945).
[6] *Overby v. State,* 150 Ga. App. 319, 320 (4) (257 SE2d 386) (1979).
[1] See OCGA § 15-6-3 (17).
[2] (Citations and punctuation omitted.) *Foskey v. State,* 232 Ga. App. 303 (501 SE2d 856) (1998); see *Downs v. State,* 270 Ga. 310 (509 SE2d 40) (1998).
[3] (Citation omitted.) *Shaw v. State,* 233 Ga. App. 232, 233 (504 SE2d 18) (1998); see *Penney v. State,* 236 Ga. App. 442 (511 SE2d 275) (1999).

there is no contention that the sentence was void,[4] the trial court did not err in dismissing both motions.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 10, 1999.

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.