## A00A1200. WILLIAMS v. THE STATE.
### (533 SE2d 793)

MCMURRAY, Senior Appellate Judge.

Defendant Gibson Williams was convicted in 1991 of kidnapping with bodily injury, robbery by intimidation, possession of less than one ounce of marijuana, and criminal use of a firearm with an altered identification mark. Williams was sentenced to life for kidnapping, twenty years consecutive for robbery, and probated sentences of five years and twelve months for the marijuana and gun offenses. Williams's conviction was affirmed on appeal to this Court.[1]

On July 18, 1998, Williams, proceeding pro se, filed a petition to correct his sentences. In part, Williams alleged the sentences imposed were void because the trial court failed to conduct a presentence hearing. The petition was denied. Williams sought a discretionary appeal in this Court, which dismissed the application.

The Supreme Court of Georgia granted Williams's petition for certiorari following this Court's dismissal of his application for discretionary appeal and affirmed, ruling that the trial court's failure to conduct a presentence hearing pursuant to OCGA § 17-10-2 in a nondeath penalty case did not render Williams's sentences void.[2] The Supreme Court also held that the trial court's order was directly

[1] *Williams v. State*, 211 Ga. App. 393 (439 SE2d 11).
[2] *Williams v. State*, 271 Ga. 686, 691 (2) (523 SE2d 857).

appealable.[3] Finally, the Court held that "all the sentences imposed upon Williams were sentences allowed under the law."[4]

Shortly thereafter, on December 27, 1999, Williams filed a second petition asking the trial court to correct sentences he alleges are void. Williams asserts that his kidnapping and robbery convictions merge, a contention he raised in the first petition.

The trial court correctly denied the petition on the grounds of res judicata.

> "It is axiomatic that the same issue cannot be relitigated ad infinitum. (Cit.) The same is true of appeals of the same issue on the same grounds. Our determination (in the earlier appeal) is res judicata; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a second time." *Horton v. State*, 189 Ga. App. 370 (375 SE2d 668) (1988).

*Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282).
*Appeal dismissed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 14, 2000.

Gibson Williams, *pro se.*
David McDade, *District Attorney,* for appellee.