## S04A1914. GRIFFIN v. KELLER et al.
### (608 SE2d 221)

HINES, Justice.

Inmate Ted Lamar Griffin files this direct appeal from the denial of his motion to set aside a judgment granting a petition for writ of mandamus. However, the appeal must be dismissed because Griffin does not have the right to file a direct appeal from the ruling at issue.

Some procedural history is necessary to understand the posture of the present appeal. A Clayton County jury found Griffin guilty of, inter alia, aggravated assault and false imprisonment. He was sentenced to concurrent terms of twenty and ten years, respectively. His convictions were affirmed by the Court of Appeals. *Griffin v. State*, 241 Ga. App. 783 (527 SE2d 577) (2000). The Sentence Review Panel ("Panel") reduced each sentence to five years in prison. See OCGA § 17-10-6. The sentencing judge then issued an order temporarily enjoining the Department of Corrections ("Department") and the

---

Board of Pardons and Paroles ("Board") from effecting the Panel's sentence reductions. Thereafter, this Court determined that the Panel lacked the statutory authority to reduce the ten-year sentence for false imprisonment to five years. See *Benefield v. State of Ga.*, 276 Ga. 100, 102 (575 SE2d 453) (2003). Keller, District Attorney of the Clayton Judicial Circuit, filed a petition for a writ of mandamus in the Superior Court of Fulton County, requesting it to compel the Department to enforce the original ten-year sentence for false imprisonment. The superior court granted the petition. Griffin filed a motion to set aside the judgment, contending that he was a necessary party to the action. The superior court denied the motion, finding that while Griffin may have been a necessary party to the mandamus proceeding, that point was irrelevant inasmuch as the Panel lacked the authority to reduce the sentence at issue.

Griffin appeals, arguing that he was denied a full hearing, and thus, was denied due process. He cites *Williams v. State*, 271 Ga. 686 (523 SE2d 857) (1999), in support of his claim that he is entitled to a direct appeal. This Court has clarified that,

> the direct appeal authorized by *Williams* is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void.

*Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004). This appeal is not a challenge to the sentence as imposing punishment not permitted under the law. Insofar as it can be considered a challenge to the sentence at all, it would not be a matter of direct review. Id. More accurately, Griffin is a third party movant attempting to set aside a judgment in a mandamus action related to his sentence. Inasmuch as Griffin is a prisoner, his appeal from the mandamus ruling is subject to the provisions of OCGA § 42-12-8, the statute which sets forth appellate procedural requirements under the Prison Litigation Reform Act, OCGA § 42-12-1 et seq. Thus, Griffin had to pursue discretionary, rather than direct, review of the adverse judgment in the mandamus action.[1]

*Appeal dismissed. All the Justices concur.*

---

[1] Even if Griffin was not subject to the provisions of the Prison Litigation Reform Act and the motion to set aside was considered as one based upon a nonamendable defect appearing upon the face of the record pursuant to OCGA § 9-11-60 (d) (3), that is, the failure to join Griffin as a party, the appeal of the denial of the motion would still be a matter of discretion rather than of right. OCGA § 5-6-35 (a) (8).

DECIDED JANUARY 24, 2005.

*Christopher G. Nicholson*, for appellant.

*Robert E. Keller, District Attorney, Thurbert E. Baker, Attorney General, Christopher S. Brasher, Assistant Attorney General*, for appellees.