# Court of Appeals
# of the State of Georgia

ATLANTA,    April 16, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1408. LINDSEY NELSON, JR. v. THE STATE.**

In 2001, a jury found Lindsey Nelson, Jr. guilty of two counts of burglary and one count of making a terroristic threat. The trial court sentenced him to serve 20 years on one burglary count, merged the second burglary count into the first, and sentenced Nelson to serve 5 years, to run consecutive to the burglary sentence, on the terroristic threat count. This Court affirmed the convictions and sentence in *Nelson v. State*, 277 Ga. App. 92 (625 SE2d 465) (2005). In 2011, Nelson filed a motion to set aside his judgment and sentence, alleging they were void on the same grounds we addressed in our previous affirmance of his convictions and sentence. The trial court denied the motion and Nelson filed a notice of appeal from that order.

A sentencing court has the jurisdiction, power and authority to modify a sentence within one year of the date upon which the sentence is imposed or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of a judgment after direct appeal, whichever is later. OCGA § 17-10-1 (f). A trial court's jurisdiction to modify a sentence extends beyond this statutory limitation solely where the sentence is void, and a sentence is void only if the court has imposed punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 671 (604 SE2d 483) (2004). The denial of a motion to set aside a void sentence is directly appealable, *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999), but only where the defendant sets forth sufficient facts establishing a colorable claim that the sentence is, in fact, one that the law does not allow. Where the proffered facts as applied to the law facially demonstrate that the sentence is one that the law allows, this Court lacks jurisdiction to consider it, and the appeal must be dismissed in accordance with *Reynolds v. State*,

272 Ga. App. 91, 95 (2) (611 SE2d 750) (2005).

Here, Nelson alleges his sentence is void because the trial court failed to merge the burglary and terroristic threat convictions, he was improperly sentenced under the burglary statute, he was improperly sentenced as a recidivist, and a number of other allegations. However, this Court held Nelson's sentence for burglary and terroristic threats to be valid in our prior opinion affirming his conviction and sentence. See *Nelson v. State*, 277 Ga. App. at 99-101 (4) & (5). This Court's affirmance on this issue is *res judicata.* See *Daniels v. State*, 244 Ga. App. 522, 523, n. 6 (536 SE2d 206) (2000); *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282) (1991).[1]

Nelson has failed to allege any factual or legal basis for this Court to find that the sentence imposed was void. This appeal is accordingly **DISMISSED** for lack of jurisdiction in accordance with *Reynolds*, supra at 95 (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/16/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[1] Nelson also alleges he received ineffective assistance of counsel and there was no probable cause for his burglary conviction. To the extent that Nelson's motion may also be construed as one alleging a void conviction, we note that an appeal from an order denying or dismissing such a challenge is subject to dismissal. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010) (motion alleging sentence was illegal because trial court should have merged crimes is an attack on the conviction and therefore subject to dismissal).