A00A1234. SASSER v. ADKINSON.
(538 SE2d 800)

RUFFIN, Judge.

On July 20, 1998, Pam Sasser filed a family violence petition against Mike Adkinson pursuant to OCGA § 19-13-1 et seq. A temporary protective order was entered, preventing Adkinson from having any contact with Sasser or her daughter. On October 6, 1998, the trial court held Adkinson in contempt for violating the temporary protective order.[1] The court sentenced Adkinson to ten days in jail, but suspended the sentence upon his promise to have no further contact with Sasser. On December 29, 1998, the court again held Adkinson in contempt for contacting Sasser on several occasions.[2] The court revoked the earlier suspension of the ten-day jail sentence, ordering that Adkinson spend ten days in the Cobb County jail. On December 29 or 30, however, Adkinson was released pending appeal. His appeal of the contempt order was dismissed by this Court on August 24, 1999.

On September 16, 1999, Adkinson filed a Motion to Modify or Amend Sentence, alleging that, in addition to spending two days in the Cobb County jail before being released for appeal, he had spent another two days in the Hall County jail on a separate contempt allegation that the court later determined to be unfounded. Adkinson asked that the court give him credit for the two days spent in the

---

fear for his safety).

[10] See *Edwards v. State,* 239 Ga. App. 44, 46 (1) (518 SE2d 426) (1999) (abandonment not coerced where police conduct lawful).

[1] This order was entered November 2, nunc pro tunc to October 6.

[2] This order was entered December 30, nunc pro tunc to December 29.

Hall County jail and vacate the remaining portion of the ten-day prison sentence. On October 19, 1999, the trial court granted the motion, holding that Adkinson "should not be required to spend the balance of ten (10) days incarcerated in the Cobb County jail." Sasser appeals this order, contending that the trial court lacked authority to modify the sentence after the expiration of the term of court in which it was entered. We agree.

It is well settled that, in the absence of a statute providing to the contrary, "the trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered."[3] We have held that this principle precludes a trial court from eliminating a prison sentence previously imposed.[4] The Supreme Court has held that an order staying enforcement of a prior order "is unquestionably a modification of the first order," and is thus subject to the rule that a trial court's power to modify a judgment ends with the term of court in which it is entered.[5] Adkinson has not cited, and we have not found, any case holding that a different rule applies in the context of an order imposing punishment for contempt. Accordingly, the trial court lacked authority to modify the sentence so as to eliminate any unserved time.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2000.

*Whelchel & Dunlap, Thomas S. Bishop*, for appellant.
*Sunderland & Diaz, Thomas S. Sunderland*, for appellee.

---

[3] *McBee v. State*, 239 Ga. App. 314 (521 SE2d 209) (1999). See also *Latham v. State*, 225 Ga. App. 147-148 (483 SE2d 322) (1997).
[4] Id. at 148-150.
[5] *Cobb County v. Buchanan*, 261 Ga. 857-858 (413 SE2d 198) (1992).