## A01A2525. BOYD v. THE STATE.
(558 SE2d 787)

BARNES, Judge.

Larry Boyd, pro se, appeals the trial court's order denying his motion to vacate, set aside, modify, or correct "a null and void sentence." The record shows that in 1995, this court affirmed Boyd's conviction for armed robbery in an unpublished opinion. *Boyd v. State,* 219 Ga. App. XXVI (1995). On April 16, 2001, Boyd filed this motion, which the trial court denied April 24, 2001. He appeals, arguing that he should not have received a life sentence following a jury trial, but should have been allowed to plead guilty with a court-approved sentence of ten years.

Although he contends that he is challenging an illegal sentence, Boyd's appeal, in fact, attacks only the rejection of his negotiated guilty plea. This is not an attack on his sentence, and, even if his allegations were true, they would not make his sentence void. "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State,* 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Therefore, Boyd's motion was properly denied.

Further, in an appeal in which jurisdiction depends on a challenge to an allegedly void sentence, Boyd may not raise issues which only involve the validity of his conviction. *Daniels v. State,* 244 Ga. App. 522, 523 (536 SE2d 206) (2000). Therefore, as this appeal is not an attack on a void sentence, we are without jurisdiction to consider it. Such "bootstrapping" cannot vest this court with jurisdiction to consider potential errors that should have been asserted in Boyd's direct appeal. *Davis v. State,* 233 Ga. App. 825, 826-827 (505 SE2d 801) (1998); *Balkcom v. State,* 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997).

Further, Boyd should have asserted this alleged error in his prior appeal, and by not asserting the error at that time, he waived or abandoned appellate consideration of the issue. See *Bellamy v. Fed. Deposit Ins. Corp.,* 236 Ga. App. 747, 750 (c) (512 SE2d 671) (1999). Therefore, he cannot raise the issue in a later appeal because of res judicata. *Blalock v. State,* 201 Ga. App. 461 (411 SE2d 914)

(1991). Appellants cannot present a portion of their claim in one appeal and reserve other issues in the event the first claim fails, because appeals cannot be relitigated ad infinitum. See *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).

Accordingly, we have no jurisdiction to consider this appeal.

*Appeal dismissed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 11, 2002.

Larry J. Boyd, *pro se*.
*Robert E. Keller, District Attorney*, for appellee.

