A02A1420. NEWBY v. THE STATE.
(565 SE2d 565)

ELDRIDGE, Judge.
A Clayton County jury found Martin Benjamin Newby guilty of child molestation for an act he committed against his nine-year-old

---

stepdaughter. He appeals and claims solely that "similar transaction" evidence of other sexual overtures Newby made toward the victim during the same time period as the indicted act were introduced without compliance with Uniform Superior Court Rule 31.3. This argument is unavailing. The evidence about which Newby complains demonstrated "prior difficulties" between the victim and Newby. "USCR 31.1 and 31.3 [do] not apply to evidence of 'prior difficulties' between a defendant and a victim."[*]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 13, 2002.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.

---

[*] *Smith v. State*, 270 Ga. 123, 124 (2) (508 SE2d 173) (1998). See also *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998) ("Neither *Wall v. State*, 269 Ga. 506 (2) (500 SE2d 904) (1998), nor *Spearman v. State*, 267 Ga. 600 (4) (481 SE2d 814) (1997), nor *Kettman v. State*, 257 Ga. 603 (7) (362 SE2d 342) (1987), can be read to require a trial court to give a limiting charge, in the absence of a request, when evidence of prior difficulties is admitted.").