## A02A0967. GOINS v. THE STATE.
(571 SE2d 195)

ELLINGTON, Judge.

A Wilcox County jury convicted Walter Julius Goins of seven counts of child molestation, OCGA § 16-6-4 (a). He appeals the denial of his motion for new trial, contending the trial court erred in admitting evidence of his prior difficulties with the victims and of a similar transaction. He also challenges the sufficiency of the evidence. Finding no error, we affirm.

1. Goins contends that he was entitled to a directed verdict of acquittal, arguing that the evidence presented was insufficient to support his convictions. Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Any conflict in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Footnotes omitted.) *Sewell v. State*, 244 Ga. App. 449, 451 (1) (a) (536 SE2d 173) (2000).

Viewed in this light, the evidence showed that Goins lived in Wilcox County with his wife, his two minor sons, and the victims in this case, his wife's three minor children. At trial, the nine-year-old male victim testified that Goins masturbated in front of him using hair "grease" as a lubricant, attempted to touch the child's genitals and buttocks, and tried to force the child to perform oral sodomy. This abuse occurred at least 11 times. According to the boy, Goins "said if I tell anybody he will choke me until I die."

The seven-year-old female victim testified that, when the family lived in North Carolina, Goins masturbated in front of her using baby oil. See Division 2, infra. She also testified that, after the family moved to Georgia when she was five years old, Goins touched and

"pinched" her "private parts." On several other occasions, he tried to pull down her pants.

Finally, the thirteen-year-old girl testified that, when she was seven years old and her family was living in New York, Goins told her that he was going to do "a little experiment." Goins touched her genitals under her clothes. See Division 2, infra. When the family lived in North Carolina, Goins took the girl's clothes off and performed oral sodomy on her. He also masturbated in front of her "a lot" using "hair grease." Id. The family moved to Georgia when she was 11, and the victim testified that his abuse got worse. Goins touched her genitals and choked her when she cried or screamed. On one occasion, Goins locked her inside the house, pulled off her pants, put his finger inside her genitals, and forced her to watch a "nasty" videotape. On several other occasions, Goins forced her to watch the videotape while he masturbated. Goins made the victim put her hand on the Bible and swear she would not tell anyone about the abuse, and he also put his hand on the Bible and swore that he would kill her if she told anyone. If she and the other children tried to lock the doors to keep Goins from "bothering" them, he would use a knife to open the door.

In addition to this testimony, the State presented the testimony of a special agent with the Georgia Bureau of Investigation who had interviewed the children about their sexual abuse by Goins. The State also presented similar transaction testimony that Goins had been convicted in New York of the rape, sodomy, and sexual abuse of a 13-year-old girl. See Division 3, infra. During at least two separate assaults on the New York victim, Goins used "hair grease" as a lubricant. He threatened to kill the girl if she reported the abuse to anyone.

We find that the evidence presented was sufficient for a rational jury to find Goins guilty beyond a reasonable doubt of seven counts of child molestation. *Jackson v. Virginia*, 443 U. S. at 307; *Sewell v. State*, 244 Ga. App. at 451-452 (1) (c). The trial court did not err in denying his motion for a directed verdict of acquittal or his motion for new trial on this basis.

2. Goins contends the trial court erred in admitting the evidence of prior difficulties between him and the victims when the family lived in North Carolina. As the trial court correctly found,

> evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act

against the victim which results in the charges for which the defendant is being prosecuted.

(Citations omitted.) *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998); see also *Buice v. State*, 239 Ga. App. 52, 57 (3) (520 SE2d 258) (1999) (applying *Wall v. State* in a prosecution for child molestation). Since this evidence did not involve a similar transaction against a separate victim, the State was not required to comply with Uniform Superior Court Rules 31.1 and 31.3. *Wall v. State*, 269 Ga. at 509 (2); *Cox v. State*, 241 Ga. App. 388, 391 (3) (526 SE2d 887) (1999). The trial court did not err in admitting evidence that Goins had sexually abused the children while living in North Carolina.

3. Goins challenges the admission of a similar transaction that occurred in Rochester, New York. The State filed a notice of its intent to introduce evidence of a similar transaction pursuant to USCR 31.1. The court conducted a similar transaction hearing, during which a police investigator testified that Goins was convicted of the rape, sodomy, and sexual abuse of a 13-year-old girl in 1988. Goins had also threatened to kill the girl. The investigator identified Goins during the hearing as the man who had been convicted of the crimes, and the State presented a certified copy of the conviction. Having considered this evidence, the court admitted it for the limited purpose of showing Goins' lustful disposition, his bent of mind toward molesting children under the age of consent, and his course of conduct. The court gave a limiting instruction to the jury at the time the evidence was introduced. We find no error in the trial court's decision to admit this evidence. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) (outlining the requirements for admission of similar transaction evidence); *Sewell v. State*, 244 Ga. App. at 452-453 (3) (evidence of defendant's molestation of other young children relevant and admissible to prove his state of mind in child molestation case); *Godbey v. State*, 241 Ga. App. 529, 530 (1) (526 SE2d 415) (1999) (in a child molestation case, similar transaction evidence involving the molestation of another child is usually sufficiently similar to be admissible, regardless of the gender of the child involved or the exact act perpetrated upon the child); *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999) ("rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses").

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 17, 2002.

*David E. Morgan III*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.