A03A0086. KINSEY v. THE STATE.
(578 SE2d 269)

BLACKBURN, Presiding Judge.

In his second appeal before us, *Kinsey v. State*,[1] Bernard Kinsey, pro se, appeals the trial court's denial of his motion to vacate a void sentence, arguing, among other things, that he was improperly sentenced as a recidivist to life imprisonment pursuant to OCGA § 17-10-7 (a). Because Kinsey, in his present action, contends that his armed robbery sentence was void, and the trial court can impose a new sentence at any time, upon a finding that the original sentence is void, Kinsey's present case is not barred by his prior appeal on different issues. Upon review, we affirm.

Kinsey was convicted by a jury of armed robbery in May 1994. He was sentenced as a recidivist under OCGA § 17-10-7 (a) to life in prison, and his conviction and sentence were affirmed on direct appeal. The underlying felony used to support the enhanced sentence was a 1989 conviction for DUI — Habitual Violator.[2] Seven years after his conviction and sentence for armed robbery were affirmed, Kinsey filed a motion to vacate his sentence, contending that the trial court improperly considered the 1989 DUI conviction as a basis for triggering the recidivist statute. The trial court denied his motion, and he now appeals.

1. "In general, a motion to vacate a sentence is not an appropriate remedy in a criminal case after the term in which the judgment was entered has passed." *Hill v. State*,[3] citing *Battle v. State*.[4] See also *Wade v. State*;[5] OCGA § 17-10-1 (f). However, "[w]here a sentence is void, . . . the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow." (Citation omitted.) *Crumbley v. State*.[6] "If the judgment is *not* void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed." *Syms v. State*,[7] quoting *Barber v. State*.[8]

Here, the record shows that Kinsey was sentenced to life in prison, a sentence which is within the statutory guidelines for armed robbery even when the conviction is for a first offense. OCGA § 16-8-41 (b). Because a life sentence is authorized for armed robbery without regard to recidivism, it is not "a sentence the law does not allow,"

[1] *Kinsey v. State*, 219 Ga. App. 204 (464 SE2d 648) (1995).
[2] Kinsey, acting pro se, had pled guilty to this DUI violation.
[3] *Hill v. State*, 249 Ga. App. 776, 777 (1) (552 SE2d 430) (2001).
[4] *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998).
[5] *Wade v. State*, 231 Ga. 131 (200 SE2d 271) (1973).
[6] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).
[7] *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000).
[8] *Barber v. State*, 240 Ga. App. 156, 157 (522 SE2d 528) (1999).

and cannot be challenged in the trial court outside that court's term as a void sentence. See *Hill*, supra at 777; *Daniels v. State*;[9] compare *Moore v. State*[10] (appellant permitted to challenge eight-year-old recidivist sentence where he received a sentence of life *without parole* for armed robbery under former OCGA § 17-10-7 (b)). As Kinsey brought the motion seven years after his conviction, clearly outside the term of court, the trial court lacked subject matter jurisdiction and did not err in denying same.

2. Because of the above holding, it is unnecessary to address appellant's remaining enumerations of error.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2003 —

Bernard Kinsey, *pro se.*

*Steven Askew, District Attorney, Charles D. Howard, Assistant District Attorney,* for appellee.

---

[9] *Daniels v. State*, 244 Ga. App. 522 (536 SE2d 206) (2000).
[10] *Moore v. State*, 251 Ga. App. 295 (554 SE2d 204) (2001).
[1] *Moore v. State*, 254 Ga. App. 134 (561 SE2d 454) (2002).