## A03A0385. NEWBY v. THE STATE.
(581 SE2d 659)

SMITH, Chief Judge.

Martin Benjamin Newby was convicted of child molestation, and his conviction was affirmed by this court in *Newby v. State*, 255 Ga. App. 356 (565 SE2d 565) (2002). After remittitur, Newby filed a pro se "Petition to Correct Void Judgment" alleging that the trial court improperly considered a prior conviction in sentencing. The trial court denied the petition, observing that "[t]his is an issue that Mr. Newby had an opportunity to take up in his appeal and is not now a matter for this Court to review." Newby appeals pro se from this order, and we affirm.

"Where a sentence is void . . . the court may resentence the defendant at any time. [Cit.]" *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). But, as Newby acknowledges in his petition and in his brief on appeal, the sentence is void only "if the court imposes punishment that the law does not allow. [Cit.]" Id.

The sentence imposed upon Newby of twenty years to serve five is authorized for child molestation regardless of any issue of recidivism. OCGA § 16-6-4 (b). It therefore "is not 'a sentence the law does not allow,' and cannot be challenged in the trial court outside that court's term as a void sentence." (Citations and footnotes omitted.) *Kinsey v. State*, 259 Ga. App. 653-654 (578 SE2d 269) (2003). Because Newby brought his petition outside the relevant term of court, the trial court lacked subject matter jurisdiction and did not err in denying it.

Because the sentence was not void, as the trial court correctly noted, Newby

should have asserted this alleged error in his prior appeal, and by not asserting the error at that time, he waived or abandoned appellate consideration of the issue. Therefore, he cannot raise the issue in a later appeal because of res judicata. Appellants cannot present a portion of their claim in one appeal and reserve other issues in the event the first claim fails, because appeals cannot be relitigated ad infinitum.

(Citations omitted.) *Boyd v. State*, 253 Ga. App. 238-239 (558 SE2d 787) (2002).
*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003 —
RECONSIDERATION DENIED MAY 2, 2003 —

Martin B. Newby, *pro se.*
Robert E. Keller, *District Attorney*, Jane E. Grabowski, *Assistant District Attorney*, for appellee.