## A03A1147. DANIEL v. THE STATE.
### (585 SE2d 752)

ADAMS, Judge.

Gregory L. Daniel was convicted of robbery and aggravated assault, and his conviction was upheld by this Court in 1999 in an unpublished opinion. On January 9, 2003, Daniel petitioned to correct what he contended was a void sentence. He argued, among other things, that the trial court failed to follow the sentencing procedure required under OCGA § 17-10-2. The trial court denied the petition, and Daniel appeals from that order.

1. The State's motion to dismiss the appeal is without merit. Daniel alleged below that his sentence was void on the grounds that it was imposed by the judge and not the jury. A direct appeal lies from the denial of a petition attacking a sentence based upon the contention that it is void, including the contention that it is void because of a violation of OCGA § 17-10-2. *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999).

2. But under OCGA § 17-10-2 (a), except in cases in which the death penalty or life without parole may be imposed, the judge shall fix and impose the sentence. Because Daniel was convicted of the noncapital offenses of robbery and aggravated assault, his argument that the jury was required to impose the sentence is without merit.

3. Daniel also contends that the trial court improperly sentenced him as a recidivist. But Daniel may not challenge a sentence that is not void after the term in which the judgment was entered has passed; the court may resentence based on a void sentence at any time. *Kinsey v. State*, 259 Ga. App. 653 (1) (578 SE2d 269) (2003). A sentence that is within that allowed by law is not void. Id. Daniel was sentenced to serve 20 years for robbery — a sentence allowed by law without regard to recidivism. See OCGA § 16-8-40 (b). Therefore the trial court was not authorized to consider Daniel's challenge to that aspect of his sentence outside the original term in which he was sentenced. *Kinsey*, 259 Ga. App. at 654 (1). Accordingly, the trial court did not err by denying Daniel's petition on these grounds. Id.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 22, 2003.

Gregory L. Daniel, *pro se.*

Leigh E. Patterson, *District Attorney, Charles S. Cox, Assistant District Attorney,* for appellee.