A04A1230. FREEMAN v. THE STATE.
(604 SE2d 280)

JOHNSON, Presiding Judge.

Pursuant to a jury trial, Malcom Freeman was convicted of aggravated child molestation. In this appeal, he challenges the admission of certain evidence, the jury charge and the effectiveness of his trial counsel. The challenges are without merit, and we therefore affirm the conviction.

Freeman was indicted in Paulding County on one count of aggravated child molestation by committing an act of sodomy upon his daughter when she was under the age of 16. The indictment charged Freeman with having placed his mouth on the child's vagina some time between December 26, 1999, and March 31, 2000. He pled not guilty to the charge, and was tried before a jury.

At trial, the state presented evidence that Freeman's 15-year-old daughter told a friend that she had been molested by her father, and she also told a math teacher at her school that she had been "kind of raped." The girl's mother, Freeman's wife, was called to the school for a conference to discuss the matter with school officials and a Department of Family and Children Services investigator. During the conference, the girl said that her father had molested her by performing oral sex on her on three different occasions — twice in her bedroom at their home in Paulding County and once on a trip to Savannah. She wrote a note stating that the oral sex had occurred after Christmas in December 1999, in March 2000, and in Savannah on July 27, 2000.

About a week after the meeting at the school, the girl recanted her accusation, telling an aunt that Freeman had not sexually abused

her. At trial she again denied any sexual abuse by her father, testifying that she had implicated him because she had felt intimidated by the officials at the school meeting. The girl's mother also testified that the officials had intimidated her daughter.

The jury found Freeman guilty of the aggravated child molestation charge. The trial judge imposed a twenty-year sentence, ordering Freeman to serve ten years in confinement. Freeman moved for a new trial, but the trial court denied the motion. Freeman appeals.

1. Freeman argues that the trial court violated Uniform Superior Court Rule 31.3 by failing to hold a hearing before admitting evidence of two similar transactions during the victim's testimony about the note she had written specifying the three occasions when the sexual abuse occurred. Freeman has not indicated which two of the three incidents identified by the victim in the note — December 1999, March 2000, July 2000 — are the ones that he is now challenging on appeal. But a review of the transcript reveals that at trial Freeman's counsel raised a similar transaction objection only to the girl's allegation that abuse occurred in Savannah in July 2000, and the trial court overruled that specific objection. Accordingly, the admission of testimony concerning the alleged abuse in Savannah in July 2000 is the only issue that was not waived for appellate review.[1]

In response to Freeman's contention that the evidence of abuse occurring in Savannah in July 2000 was improperly admitted similar transaction evidence, the state argues that it was not similar transaction evidence but was evidence of prior difficulties between the defendant and the victim. The distinction is critical because USCR 31.3, which governs the admission of similar transaction evidence,[2] does not apply to such evidence of prior difficulties.[3] However, contrary to the positions of both Freeman and the state, the evidence in question is neither similar transaction nor prior difficulties evidence.

Similar transactions are independent crimes or occurrences that are unrelated or not connected to the crime with which the defendant is charged.[4]

Unlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are

---

[1] See *Upshaw v. State*, 257 Ga. App. 199, 200 (2) (570 SE2d 640) (2002).

[2] USCR 31.3 requires the state to give the defendant written notice of its intent to present similar transaction evidence and requires the court to hold a hearing to determine the admissibility of the evidence.

[3] See *Goins v. State*, 257 Ga. App. 406, 407-408 (2) (571 SE2d 195) (2002); *Newby v. State*, 255 Ga. App. 356, 357 (565 SE2d 565) (2002).

[4] *Stewart v. State*, 263 Ga. 843, 847 (440 SE2d 452) (1994) (Hunt, P. J., dissenting), majority overruled, *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998).

connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. Evidence of a defendant's prior act toward the same victim, whether an assault, a quarrel, or a threat, is admissible as evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[5]

The allegation that Freeman performed oral sex on his daughter in Savannah must be categorized as evidence of difficulties between the parties, rather than as similar transaction evidence, because it involves the same defendant and victim, and thus is not an independent act unrelated to the instant aggravated child molestation charge.[6] And even though it is instead an act arising from the relationship between the same people involved in the prosecution, it cannot be deemed a *prior* difficulty between the accused and the victim because it allegedly took place *after* the incident set forth in the indictment.[7] "To be accurate, the term 'prior difficulties' should only apply to incidents involving the defendant and the victim which are *prior* to the crime committed against the victim with which the defendant is charged."[8]

Thus, to be accurate in this case, the incident in Savannah in July 2000 can only be categorized as a *subsequent* difficulty between Freeman and his daughter. Given that categorization, the question then becomes whether such evidence of subsequent difficulties, like evidence of prior difficulties, may be admitted without regard to the similar transaction evidence mandates, including the hearing requirement, of USCR 31.3.

We have found one case in which this sort of evidence of subsequent difficulties between the defendant and the victim, along with evidence of prior difficulties, was admitted at trial without a hearing.[9] However, we have been unable to find any precedent expressly holding that such evidence of subsequent difficulties, like evidence of prior difficulties, is not subject to the similar transaction evidence

---

[5] (Citations and punctuation omitted.) *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000).

[6] Because it allegedly took place in another venue, the incident in Savannah could not have been indicted in this Paulding County case.

[7] The indictment charges that the crime occurred between December 26, 1999, and March 31, 2000, while the Savannah incident allegedly took place on July 27, 2000.

[8] (Emphasis supplied.) *Stewart*, supra at 848 (Hunt, P. J., dissenting).

[9] *McDonald v. State*, 256 Ga. App. 319, 320-321 (1) (568 SE2d 546) (2002).

requirements of USCR 31.3. Under the circumstances of the instant case, however, we can see no material difference between such prior and subsequent difficulties evidence.

That is, the mere fact that the Savannah incident allegedly occurred a few months after, as opposed to some time before, the indicted offense does not alter the more important fact that this incident arose from the relationship between the defendant and the victim. And just like evidence of a prior difficulty, we believe that evidence of a defendant's subsequent act toward the same victim is admissible as evidence of the relationship between the victim and the defendant, and it may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[10]

Accordingly, we hold that the similar transaction evidence requirements of USCR 31.3 do not apply to the evidence of a subsequent difficulty between Freeman and his daughter. The trial court therefore was not required to hold a USCR 31.3 hearing before admitting such evidence, and the court did not err in admitting evidence of the incident alleged to have occurred in Savannah on July 27, 2000.

Freeman's further claim that the trial court erred in failing to charge the jury on the limited purpose of such evidence is without merit because his trial counsel did not request such a charge. As with evidence of prior difficulties, we hold that when evidence of subsequent difficulties is admitted, the trial court is not required to give a limiting charge in the absence of a request for such a charge.[11]

2. Freeman complains that the trial court erred in charging the jurors (a) that a victim's testimony need not be corroborated to support a guilty verdict for aggravated child molestation, and (b) that if they find a witness has been impeached by prior contradictory statements then they may disregard the testimony unless it has been corroborated by other credible testimony. Both of these charges are correct statements of law, and having reviewed the jury charge in its entirety, we find no reversible error.[12]

3. Freeman claims that his trial counsel was ineffective in failing to call the victim's therapist as a witness, and in failing to object to

---

[10] *Goins*, supra; *Hill*, supra.

[11] *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998).

[12] See *Dorsey v. State*, 265 Ga. App. 404, 405 (1) (593 SE2d 945) (2004) (testimony of victim alone sufficient to authorize guilty verdict on charge of aggravated child molestation; no requirement that this testimony be corroborated); *Jones v. State*, 246 Ga. App. 596, 598 (3) (539 SE2d 602) (2000) (jury is sole judge of witness credibility and may disregard testimony of witness impeached by prior contradictory statements).

and request certain jury charges. Contrary to Freeman's claims, the trial court did not err in finding that he received effective assistance of counsel.

> To establish ineffective assistance of counsel, [the defendant] must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. The trial court's determination that [the defendant] has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[13]

(a) Freeman claims that his trial attorney was deficient in failing to call the victim's therapist to testify about the victim having recanted the prior accusations of sexual abuse. At the motion for new trial hearing, Freeman's trial counsel explained that any testimony from the therapist concerning the girl's recanting of her accusations would have been merely cumulative of other evidence of the recantation. Moreover, counsel feared that the therapist's descriptions of the victim's demeanor would harm the defense by conflicting with the demeanor the victim had shown during the trial. "The decisions regarding which witnesses to call are matters of trial strategy, and such tactical decisions are within the exclusive province of the lawyer after consultation with the defendant."[14] The tactical decision of Freeman's attorney not to call the therapist as a witness was not ineffective assistance of counsel.

(b) Freeman also claims that his trial attorney was ineffective in failing to object to the jury charges discussed above in Division 2. As noted in Division 2, the charges were not improper, and therefore counsel was not deficient in failing to raise objections to them.

(c) Freeman contends that his lawyer was ineffective in failing to request a jury charge explaining the limited purpose of the subsequent difficulties evidence discussed above in Division 1. We agree with Freeman that such a limiting instruction should have been

---

[13] (Citations and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354) (1996).

[14] (Citation omitted.) *Sartin*, supra at 761 (3).

given, and that counsel was deficient in failing to request the charge.[15] However, we do not agree with Freeman that the deficient performance prejudiced the defense; that is, there is not a reasonable probability that, but for counsel's error, the outcome of the trial would have been different.

Freeman's defense at trial was that no molestation ever occurred, and that his daughter was not telling the truth when she first accused him of performing oral sex on her, but was telling the truth when she recanted the accusation. Thus, boiled down to its simplest terms, the jury's ultimate determination was whether to believe the victim's accusation or to believe her recantation. In making that determination, the jury considered substantial testimony from both state and defense witnesses concerning the circumstances of the accusation and the recantation. Part of that testimony of course included the victim's accusation that the oral sex had occurred three times, one of which was the incident in Savannah.

It certainly would have been better for the jury to have been properly instructed that this evidence of a subsequent difficulty between Freeman and his daughter had the limited purpose of showing the relationship between the two of them, as well as his motive, intent, and bent of mind.[16] But had the jurors been given such a limiting instruction, there is no reasonable probability that it would have changed their verdict. Rather, given all the evidence they heard concerning the circumstances surrounding the accusation and the recantation, the only reasonable probability is that even with the limiting instruction the jury still would have determined that the victim was being truthful when she made the accusation and would have found Freeman guilty. Since there is no reasonable probability that the outcome of the trial would have been different if counsel had requested the limiting instruction, the trial court correctly denied Freeman's claim of ineffective assistance of counsel.[17]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 2, 2004.

*Marc D. Cella, Gary O. Walker*, for appellant.

---

[15] See *Melson v. State*, 263 Ga. App. 647, 649 (3) (588 SE2d 822) (2003).

[16] *Goins*, supra.

[17] See *Melson*, supra; *Laredo v. State*, 253 Ga. App. 155, 157-158 (2) (558 SE2d 742) (2002).

*James R. Osborne, District Attorney, Elizabeth L. Larson, Assistant District Attorney*, for appellee.