A05A0768. REYNOLDS v. THE STATE.
(611 SE2d 750)

BLACKBURN, Presiding Judge.
Having pled guilty in 1999 to aggravated child molestation and child molestation, Gary Reynolds directly appeals the trial court's denial of his motion to set aside his sentence, which motion was filed more than four-and-one-half years after his unappealed sentence was

---

[4] *Owens v. State*, 271 Ga. App. 365, 369 (4) (609 SE2d 670) (2005).
[5] *Pinson v. State*, 266 Ga. App. 254, 258 (2) (596 SE2d 734) (2004).

entered. We hold that since Reynolds's sentence fell within the range of allowable sentences for the charged crimes, his claim that the sentence was void is without merit. Accordingly, his motion to set aside that sentence was untimely, depriving this direct appeal of jurisdiction. For this reason, we must dismiss the appeal.

In March 1999, Reynolds was charged with six counts of child molestation[1] and one count of aggravated child molestation[2] arising out of conduct that took place between October 1992 and December 1994. In May 1999, he pled guilty to one count of child molestation and to one count of aggravated child molestation.

At the guilty plea hearing, attorneys for both sides, Reynolds himself, and the judge all believed and discussed that the range of punishment for the aggravated molestation count was ten to thirty years, with the range for the child molestation count five to thirty years. All were further under the impression that Reynolds faced a mandatory minimum sentence of ten years to serve on the aggravated child molestation count. The court sentenced Reynolds to twenty years on each count (ten to serve and ten on probation), with the sentences to run concurrently. The final sentence was entered on May 17, 1999.

After serving four-and-one-half years of his prison sentence, Reynolds in December 2003 moved the court to set aside his sentence on the ground that *at the time he committed the crimes*, former OCGA § 16-6-4 set the punishment range for aggravated child molestation from two to thirty years (not ten to thirty years with a ten-year-imprisonment mandatory minimum as was believed at the sentencing hearing) and set the punishment range for child molestation from one to twenty years (not five to thirty). Reynolds argued that he had received a sentence greater than that prescribed by law and that therefore his sentence was void. He claimed that, as his sentence was void, no time restriction precluded him from bringing the present motion to set aside, even though it was filed four-and-one-half years after his sentencing.

The trial court disagreed. The court held that a motion to set aside a sentence (based on the ground that the court had misapprehended the law and had therefore failed to exercise its discretion) was required to be filed within the term of court during which the sentence was entered. The court further held that even though void sentences may be challenged at any time, the 20-year sentences here fell within the range of allowable sentences *even under the former OCGA*

---

[1] OCGA § 16-6-4 (a).
[2] OCGA § 16-6-4 (c).

*§ 16-6-4*, and that therefore the sentences were not void. As four-and-one-half years were far beyond the term of court, the court found it had no jurisdiction and denied the motion. We agree.

1. It is undisputed that the court misapprehended the law at the time it sentenced Reynolds. Where the court has made such a mistake, a defendant is normally entitled to have his sentence vacated and to be resentenced by a court that has a correct apprehension of the possible range of punishments. See *Banks v. State*;[3] *Mallarino v. State*.[4]

However, the defendant's right to have his sentence so modified is not unlimited. He may raise the issue in his initial direct appeal of his conviction (the procedure followed in *Banks* and *Mallarino*; Reynolds, however, filed no initial direct appeal here). Otherwise, he must make a timely motion in the trial court below. "Except as provided by statute, a sentencing court has no power to modify a valid sentence of imprisonment after the term of court in which it was imposed has expired." *State v. Hart*.[5] See *Sasser v. Adkinson*[6] ("in the absence of a statute providing to the contrary, the trial court's authority to vacate or modify a judgment ends with the expiration of the term of court in which the judgment was entered") (punctuation omitted).

Subsequent to the 1992 amendment of OCGA § 17-10-1 (a) and prior to 2001, no statute purported to extend beyond the court's term the time in which a court could modify a sentence. *Levell v. State*;[7] *Latham v. State*.[8] See Ga. L. 1992, p. 3221, § 1. Thus, at the time the court imposed Reynolds's sentence in May 1999, the court's power to modify the sentence was limited to the court's term. In 2001, however, the General Assembly enacted OCGA § 17-10-1 (f), which provides:

> Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

Ga. L. 2001, p. 94, § 5.

---

[3] *Banks v. State*, 225 Ga. App. 754, 756-757 (5) (484 SE2d 786) (1997).

[4] *Mallarino v. State*, 190 Ga. App. 398, 399-400 (1) (379 SE2d 210) (1989).

[5] *State v. Hart*, 263 Ga. App. 8, 9 (587 SE2d 164) (2003).

[6] *Sasser v. Adkinson*, 245 Ga. App. 719, 720 (538 SE2d 800) (2000).

[7] *Levell v. State*, 247 Ga. App. 615, 616-617 (1) (544 SE2d 523) (2001).

[8] *Latham v. State*, 225 Ga. App. 147, 148-150 (483 SE2d 322) (1997).

Regardless of whether OCGA § 17-10-1 (f) should be applied to Reynolds's December 2003 motion to set aside his sentence, that motion was far too late. It was not filed in the term in which the sentence was entered,[9] nor was it filed within a year of the date upon which the sentence was imposed, nor was it filed within 120 days of the trial court's receipt of a direct-appeal remittitur (as no direct appeal was filed). Accordingly, the trial court lacked subject matter jurisdiction and did not err in denying the motion. *Kinsey v. State.*[10]

2. Reynolds argues, however, that his sentence was void and therefore could be challenged at any time. *Crumbley v. State*[11] held that "[w]here a sentence is void, . . . the court may resentence the defendant at any time." See *Jones v. State*[12] ("a trial court's jurisdiction to modify a sentence extends beyond its statutory limitation only when the sentence is void") (footnote omitted); *Howard v. State*[13] (" 'if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time' ").

The sentence here, however, was not void. "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley*, supra at 611 (1). "When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f)." *Jones*, supra at 670. See *Daniel v. State.*[14]

Here, Reynolds's two twenty-year concurrent sentences (ten to serve, ten on probation) on the child molestation count and on the aggravated child molestation count fell within the ranges of punishment allowed in *former* OCGA § 16-6-4 (one to twenty for child molestation; two to thirty for aggravated child molestation) that applied to such offenses committed between October 1992 and December 1994. Accordingly, the sentences were not void. See *Rehberger v. State*;[15] *Kinsey*, supra at 653-654 (1); *Daniel*, supra at 475 (3). Compare *Gonzalez v. State*[16] (where fines were not authorized by controlling statute, sentence was void); *Hahn v. State*[17] (where imprisonment not authorized, imprisonment sentence was void); *McCranie v. State*[18] (incest sentence void where incest merged with rape

---

[9] See OCGA § 15-6-3 (5) (A).

[10] *Kinsey v. State*, 259 Ga. App. 653, 654 (1) (578 SE2d 269) (2003).

[11] *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[12] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

[13] *Howard v. State*, 234 Ga. App. 260, 261 (1) (506 SE2d 648) (1998).

[14] *Daniel v. State*, 262 Ga. App. 474, 475 (3) (585 SE2d 752) (2003).

[15] *Rehberger v. State*, 267 Ga. App. 778, 779-780 (600 SE2d 635) (2004).

[16] *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991).

[17] *Hahn v. State*, 166 Ga. App. 71, 72-74 (1) (303 SE2d 299) (1983).

[18] *McCranie v. State*, 157 Ga. App. 110, 111 (2) (276 SE2d 263) (1981).

charge). Thus, the motion to set aside those sentences, filed four-and-one-half years after sentencing, was untimely. See *Barber v. State*;[19] *Shaw v. State*.[20]

Reynolds argues that the court's misapprehension of the applicable range of sentences voids the sentences. However, "[a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification." *Jones*, supra at 670-671. See *Williams v. State*[21] (failure to conduct required hearing did not render a sentence void). A court which misapprehends the law and therefore fails to properly exercise its discretion in sentencing commits a procedural error; since the procedural error does not void the resulting sentence, a dissatisfied defendant must challenge the sentence in a timely manner. *Daniel*, supra at 475 (3); *Newby v. State*;[22] *Shaw*, supra at 232-233. Absent such a timely challenge, the only avenue for reviewing the sentence lies in a petition for writ of habeas corpus. See *Jones*, supra at 671.

3. Where the untimely challenge in the trial court below does not raise valid allegations that the sentence was void, the Supreme Court of Georgia recently held that not only is the trial court without jurisdiction to modify the sentence, but that the trial court's "[r]ulings on pleadings asserting erroneous procedure or unfair treatment *are not subject to direct appeal* because they are not rulings on whether the sentence is void." (Emphasis supplied.) *Jones*, supra at 671. See *Williams*, supra at 688-689 (1) (direct appeal only authorized where petition properly alleges sentence was void). Accordingly, appeals on such rulings *are to be dismissed*, not affirmed. *Jones*, supra at 671. See *Boyd v. State*[23] (dismissing direct appeal where it was not an attack on a void sentence). For this reason, we dismiss this appeal.

*Appeal dismissed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 9, 2005 — ■■■■■■■■

*Jackson & Schiavone, George T. Jackson*, for appellant.

---

[19] *Barber v. State*, 240 Ga. App. 56, 57 (522 SE2d 238) (1999).

[20] *Shaw v. State*, 233 Ga. App. 232, 233 (504 SE2d 18) (1998).

[21] *Williams v. State*, 271 Ga. 686, 691 (2) (523 SE2d 857) (1999).

[22] *Newby v. State*, 261 Ga. App. 96 (581 SE2d 659) (2003).

[23] *Boyd v. State*, 253 Ga. App. 238, 239 (558 SE2d 787) (2002).

*Daniel J. Craig, District Attorney, Henry W. Syms, Jr., Madonna M. Little, Assistant District Attorneys*, for appellee.