## A07A0766. BOND v. THE STATE.
### (642 SE2d 223)

BLACKBURN, Presiding Judge.

Following a jury trial, Devin Bond appeals his conviction for aggravated assault, challenging the sufficiency of the evidence and asserting that the trial court erred in admitting evidence of a subsequent difficulty between him and the victim. We hold that the victim's identification of Bond as the assailant sufficed to sustain the conviction and that the subsequent confrontation between Bond and the victim showed that, contrary to Bond's argument, the victim had identified Bond to police immediately following the crime. Accordingly, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient

---

[7] *Majors v. Lewis*, 135 Ga. App. 420 (218 SE2d 130) (1975).

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So viewed, the evidence shows that on June 29, 2005, a man was waiting on the porch of a friend's house for the friend to return, when three men attacked him, forcing him to the ground. Based on previous dealings, the victim recognized two of the men. The one he knew as Devin had a gun, which Devin used to strike and injure the victim's head to subdue him. Pointing the gun at the victim, Devin announced that they intended to rob the victim, following which the three men went through the victim's pockets, taking money and other items.

The victim immediately reported the robbery and was taken to a hospital for treatment of the serious lacerations on his head from the pistol-whipping. That same day, he gave an interviewing detective the descriptions and first names of the two assailants he recognized. Two weeks later, the detective interviewed the victim again, who confirmed the names and descriptions to the detective. Based on his research, the officer surmised that the "Devin" identified by the victim was Devin Bond, and accordingly prepared a photo lineup that included Bond's photo. The victim identified Bond from the lineup as the gunman. At trial, the victim again identified Bond as the gunman who struck him with the pistol and robbed him.

This evidence amply sufficed to show that Bond committed an aggravated assault against the victim. See OCGA § 16-5-21 (a). Bond counters that the victim's testimony regarding identification is unreliable because the victim did not identify Bond by name until the second police interview two weeks after the incident. Although some evidence showed that the identification was so delayed, other evidence showed an immediate identification to the detective on the date of the incident. The jury resolves such conflicts in the evidence. Moreover, even if such a delay in identification were indisputably proven, such would only go to the credibility and weight of the victim's testimony, a matter which is also the province of the jury, not an appellate court. See *Dean v. State.*[3]

2. Bond's second enumeration of error asserts that the trial court erred in admitting evidence that five days after the incident, Bond approached the victim in a parking lot, brandished an assault rifle, and accused the victim of identifying Bond as the robber. Bond argues that this evidence had no probative connection to the crime at issue. Bond's argument is indeed ironic, in that Bond argues in Division 1 above that the victim did not identify Bond to police until two weeks after the incident, which delay Bond claims showed the witness's

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001).

identification was unreliable. This subsequent confrontation between Bond and the victim only five days after the incident, in which Bond accused the victim of having identified Bond as the perpetrator, was probative evidence that the victim had immediately identified Bond to police on the day of the incident.

Moreover, a subsequent difficulty between a defendant and the victim is, like evidence of a prior difficulty, "admissible as evidence of the relationship between the victim and the defendant, and it may show the defendant's motive, intent, and bent of mind in committing the [charged] act against the victim." *Freeman v. State.*[4] Bond's subsequent act of brandishing a rifle while accusing the victim of identifying Bond as the armed robber showed Bond's threatening if not violent relationship with the victim, which helped explain the earlier crime against the victim that was the basis of the current charge of aggravated assault.

The trial court did not err in admitting the subsequent confrontation between Bond and the victim.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 16, 2007.

*Tamika L. Fluker*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.

---

[4] *Freeman v. State*, 269 Ga. App. 435, 438 (1) (604 SE2d 280) (2004).