# Court of Appeals
# of the State of Georgia

ATLANTA,   August 07, 2012

*The Court of Appeals hereby passes the following order:*

**A12A2294.  WESLEY EUGENE DOLLAR v. THE STATE.**

In 2009, Wesley Eugene Dollar pled guilty to selling cocaine and was sentenced to eight years' imprisonment.  This is the seventh direct appeal he has filed in this Court related to his conviction.  First, he appealed his judgment of conviction and sentence, but that appeal was dismissed due to his failure to file an appellate brief.  See Case No. A10A0093, dismissed October 29, 2009.  Second, he appealed the trial court's denial of his motion for out-of-time appeal.  We affirmed the trial court in an unpublished opinion.  See Case No. A11A1523, decided February 21, 2012.  Third, he appealed the denial of various pre-trial motions.  We dismissed that appeal as moot.  See Case No. A12A0383, dismissed October 21, 2011.  Fourth, he appealed the denial of his motions to vacate his allegedly void sentence and to withdraw his guilty plea.  That appeal was docketed as Case No. A12A1575 and is currently pending.  Fifth, he appealed the denial of his mandamus petition.  We transferred that appeal to the Supreme Court.  See Case No. A12A1706, transferred June 20, 2012.  Sixth, he appealed the denial of his motion in arrest of judgment.  That appeal was docketed as Case No. A12A1742 and is currently pending.

In this seventh appeal, Dollar appeals the trial court's denial of his "Motion to Vacate, Set Aside, or Terminate/Reverse Sentence By a Person in Custody."  A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void, however, only when the trial court imposes punishment that the law does not allow. *Jordan v. State*,

253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Dollar does not argue that his sentence fell outside the range of permissible punishment; instead, he contends that there were problems with a probable cause affidavit and with his indictment. These types of procedural arguments are not valid "void sentence" claims and thus cannot support a direct appeal. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Reynolds v. State*, 272 Ga. App. 91 (611 SE2d 750) (2005). Because Dollar has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 08/07/2012
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*