# Court of Appeals
# of the State of Georgia

ATLANTA,  October 02, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2362.  JAMES REED v. THE STATE.**

Reed was convicted in 1998, and we affirmed his convictions on appeal. In 2013, he filed a "Motion for Court to Determine Whether to Probate Any of Defendant's Remaining Sentence," arguing that he should be moved to probation because of his advanced age. The court denied his motion, and Reed filed this appeal. We lack jurisdiction for two reasons.

First, Reed's notice of appeal is untimely. Under OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days after entry of the appealable order. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rocha v. State*, 287 Ga. App. 446 (1) (a) (651 SE2d 781) (2007). Here, the trial court entered its order on March 27, 2013, and Reed filed his notice of appeal on May 1, 2013, which was 35 days later. Accordingly, his appeal is untimely and we lack jurisdiction to consider it.

Second, given the substance of Reed's motion, it may be most accurately construed as one seeking relief under OCGA § 17-10-1 (f). Under that provision, a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See, e.g., *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, however, a trial court may modify a sentence only if it is void – that is, if the sentence imposes punishment that the law does not allow. Id. A trial court's ruling on an untimely motion to modify that makes no valid allegation that the sentence is void "is not subject to direct appeal." (Punctuation omitted.) *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). "Accordingly, appeals on

such rulings *are to be dismissed*." (Emphasis in original). Id.

Here, Reed argued that his sentence should be changed from confinement to probation because of his advanced age. He did not argue that his sentence exceeds the statutory maximum, so he did not raise a valid void-sentence claim. Accordingly, he was not entitled to the relief he sought, and we lack jurisdiction to review the trial court's denial of his motion. See id.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* 10/02/2013
　　　*I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____ *, Clerk.*