# Court of Appeals
# of the State of Georgia

ATLANTA,___April 20, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1431. AMOS SANDERS v. THE STATE.**

In 2002, Amos Sanders entered guilty pleas in two cases. In case 02-CR-0272, he pled guilty to one count of armed robbery and one count of possession of a firearm during the commission of a crime, for which he was sentenced to twenty years plus five years to run consecutively. In case 02-CR-0274, Sanders pled guilty to three counts of armed robbery and one count of possession of a firearm during commission of a crime, for which he was sentenced to twenty years for each of the three armed robbery counts to run consecutively plus five years to run consecutively to the other three sentences. The trial court indicated that the sentences from 02-CR-0272 and 02-CR-0274 should run concurrently. Sanders subsequently filed a "Motion that Sentence Reflect the Truth," in which he asked the trial court to resentence him in accordance with the plea agreement.[1] The trial court denied the motion, noting that it followed the agreement between the State and Sanders. Sanders then filed this appeal.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is

---

[1] Sanders contends that it was agreed that all armed robbery convictions would run concurrently. This contention is belied by the transcript from the guilty plea hearing.

void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void if the court imposes punishment that the law does not allow. Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. See *Frazier*, supra. Further, a direct appeal does not lie from the denial of an untimely motion seeking to modify a sentence unless the motion raises a colorable claim that the sentence is, in fact, void. See *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005).

Sanders's motion requesting modification was not timely under OCGA § 17-10-1 (f). Nor does he allege that his sentence is void; rather, he claims that it did not accurately reflect his plea agreement. Consequently, Sanders has not raised a valid void sentence argument, and this appeal is therefore *DISMISSED* for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, _____04/20/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*